JOHN N. DROOYAN, ESQ./SBN 238609
LAW OFFICE OF JOHN DROOYAN
479 West 6th Street, Ste. 202
San Pedro, CA 90731
Telephone: (310)309-9430
Facsimile: (310)359-0245
jd@drooyanlaw.com

Attorney for Plaintiff Brenda Dowling

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA D. DOWLING, an Individual<br><br><br><br><br>              Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, AKA BANK OF AMERICA, N.A., AKA BANK OF AMERICA; and BAC HOME LOANS SERVICING, AKA BANK OF AMERICA HOME LOANS<br><br><br><br><br><br>              Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(BREACH OF CONTRACT; CONVERSION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1962 ET SEQ; VIOLATION OF THE CALIFORNIA HOMEOWNER'S BILL OF RIGHTS – CA CIVIL CODE 2920 ET SEQ.; AND CALIFORNIA BUSINESS AND PROFESSIONS §§17200 ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff BRENDA DOWLING alleges in this Complaint as follows:

1.   This action arises under the Fair Debt Collection Practices Act - 15 U.S.C. §1962e(2)(A) and 15 U.S.C. §1962d(5), and jurisdiction is based on 28 U.S.C.A. §1331.

2.  Plaintiff BRENDA D. DOWLING ("DOWLING") is an individual, who is and was at all times mentioned herein a citizen of California residing in Visalia, California.

3. Plaintiff is informed and believes, and alleges on information and belief, that Defendant BANK OF AMERICA, NATIONAL ASSOCIATION, AKA BANK OF AMERICA, N.A., AKA BANK OF AMERICA ("BANK OF AMERICA, N.A.") is a California corporation duly existing under and by virtue of the laws of the State of California, and authorized to and engaged in doing business in the State of California.

4.  Plaintiff is informed and believes, and alleges on information and belief, that Defendant BAC HOME LOANS  SERVICING, LP, AKA BANK OF  AMERICA HOME LOANS ("BAC HOME LOANS") is a Limited Partnership whose status in California is cancelled (as of May 26, 2014 according the California Secretary of State website).

5.  Plaintiff is informed and believes, and alleges on information and belief, that Defendant BAC HOME LOANS  SERVICING, LP, AKA BANK OF  AMERICA HOME LOANS is a subsidiary of Defendant BANK OF AMERICA, N.A.

6. Venue is proper in the Eastern  District of California

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  because the events or omissions that give rise to Plaintiff's

2  claims relate to Plaintiff's property located at 4040 West Iris

3  Avenue, Visalia, California 93277  in Tulare County, California.

4      7. Plaintiff DOWLING purchased a single family home, located

5  at 4040 West Iris Avenue, Visalia, California 93277, in October

6  of 2008 with a loan  in the amount of $291,157 from Provident

7  Mortgage Corporation on October 1, 2008 (the "Loan"), for which

8  she and her husband at the time, Brent L. Dowling, were co-

9  borrowers.

10     8. On October 30, 2008, the Loan was transferred from

11 Provident Mortgage Corporation to Countrywide Home Loans Inc.,

12 and then from Country Home Loans Inc., to BAC HOME LOANS.

13     9. In November of 2009, Plaintiff and her husband wrote to

14 BAC HOME LOANS to request assistance with their mortgage payments

15 due to a reduction in their income, since Brent Dowling's pay

16 from the California Department of Corrections had been reduced.

17     10.  In May of 2010, Plaintiff and her husband received a

18 letter with "Notice", dated May 18, 2010, from Theautra Stephens,

19 Loan Modification Team with BAC HOME LOANS, stating that in order

20 to determine their eligibility for payment assistance, they would

21 need to complete and return various forms including:  Hardship

22 Affidavit, Authorization and Acknowledgment form, Negotiation

23 Agreement, documentation of their financial difficulties, and

24 utility bill to verify occupancy of their property.

25     11.  On May 28, 2010, Plaintiff and her husband timely

26 mailed BAC HOME LOANS the completed forms and information and

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  documents requested in BAC HOME LOANS's May 18, 2010 letter to
2  Plaintiff and her husband.

3     12.  Thereafter, Plaintiff and her husband received
4  correspondence  from Theautra Stevens, which included a Partial
5  Claim Commitment letter,  dated July 1, 2010, stating that
6  Plaintiff and her husband were approved for Workout Assistance,
7  subject to the completion of included documents titled
8  "Authorization and Acknowledgment", "Negotiation Agreement",
9  Offer of Partial Claim and Agreement", "Acceptance Of Offer For
10 Partial Claim, and "Deed of Trust" and "Subordinate Note" to the
11 Secretary of Housing and Urban Development ("HUD") for the amount
12 of $15, 064.12, which is the amount Plaintiff owed in arrears on
13 the Loan -  which Plaintiff and her husband executed on July 7,
14 2010, and timely returned to BAC HOME LOANS.  (All documents
15 include the notation FHA-PARTIAL CLAIM in the upper left hand
16 corner.)[See Exhibit "1"]

17    13.  The Offer of Partial Claim and Agreement terms require
18 that "The first regular monthly payment due on the mortgage once
19 the Partial Claim agreement has been returned will be due on
20 9/1/2010, the payment amount is $2095.76, and must be received in
21 certified funds."; and also states "Please remit funds for your
22 payment to be received in our office by no later than the 15th of
23 each month."

24    14.  Plaintiff mailed payment by Cashier's Checks to BANK OF
25 AMERICA HOME LOANS in the amounts of $2,096.78 dated 08/31/10,
26 $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10; which

27

28
───────────────────────────────────────
                            4
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   BANK OF AMERICA HOME LOANS received and deposited. [Exhibit "2"]

2       15. Under the terms of the Partial Claim and Agreement, and

3   the accompanying Deed of Trust, Plaintiff's aforementioned

4   payments, in compliance with the terms of the Partial Claim and

5   Agreement with BAC HOME LOANS, brought the Loan to current

6   status, as the amount in arrears was transferred to HUD in the

7   Deed of Trust and Subordinate Note to HUD, which Plaintiff and

8   her husband executed as part of their Partial Claim Agreement

9   with BAC HOME LOANS. The Deed of Trust and Subordinate Note was

10  recorded by HUD on August 12, 1010. [Ex. "3"]

11      16. However, Plaintiff BRENDA DOWLING and her husband

12  received three NOTICE OF INTENT TO ACCELERATE letters from BAC

13  HOME LOANS, dated September 22, 2010, October 21, 2010, and

14  November 17, 2010, stating that the Loan was in default in the

15  amount $12,619.56, even though Plaintiff DOWLING's Partial Claim

16  Agreement with BANK OF AMERICA brought the Loan current.

17      17. On October 18, 2012, Plaintiff was contacted by

18  telephone by a BAC HOME LOANS representative named Clint, to

19  collect $12,891.68 that BAC HOME LOANS claimed was in default on

20  the Loan.

21      18. From September through November of 2010, Plaintiff

22  DOWLING telephoned BAC HOME LOANS to request that BAC HOME LOANS

23  comply with the Partial Claim Agreement; and was told by BAC HOME

24  LOANS that the Partial Claim Agreement was not completed because

25  Plaintiff DOWLING did not qualify for the Partial Claim

26  Agreement.

27

28                             5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

19.   On November 21, 2010, Brent Dowling called BAC HOME LOANS, and was told that the Loan was now 8 payments in default, such that BAC HOME LOANS did not credit Plaintiff's payments of August 31, 2010, September 30, 2010, and November 2, 2010 - which total $6,288.30.  Plaintiff's husband accused Plaintiff of taking this money, which irreparably harmed Plaintiff's marriage; and eventually caused Plaintiff Brenda Dowling and Brent Dowling to divorce on January 15, 2013.

20.   In mid January, 2011,  Plaintiff and her husband received correspondence  from Sonya Smith, BAC HOME LOANS Loan Modification Team, dated January 15, 2011,  which requested that, in order for Plaintiff and her husband to be eligible for payment assistance, they would need to complete and return various forms including: Request for Modification and Affidavit (RMA), Authorization and Acknowledgment form, Negotiation Agreement, documentation of their financial difficulties, and utility bill to verify occupancy of their property. This letter is similar to the letter that Plaintiff and her husband received from Theautra Stephens dated May 18, 2010 referenced in paragraph 9 above. [See Exhibit "5"]

21.   On March 16, 2011, Plaintiff was contacted via email by Austin Jarvis, Work Out Specialist at BANK OF AMERICA, N.A., with modification attachments to be filled out and returned along with 2 Current Paystubs all borrowers; 2 Current Bank Statements All Pages; Current Utility Bill; 2009 Tax Returns; Brief Letter of Explanation of Hardship; Signed Hardship Affidavit.  Plaintiff completed and faxed the aforementioned modification documents to

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Austin Jarvis, BOA on 04/12/11, and bank statements on 04/14/11.

2      22.  Plaintiff and her husband received correspondence

3   from Annie Fenster, BAC HOME LOANS Loan Modification Team, dated

4   June 4, 2011, which requested that, in order for Plaintiff and

5   her husband to be eligible for payment assistance, , they would

6   need to complete and return various forms including: Request for

7   Modification and Affidavit (RMA), Authorization and

8   Acknowledgment form, Negotiation Agreement, documentation of

9   their financial difficulties, and utility bill to verify

10   occupancy of their property. This letter is the same letter that

11   Plaintiff and her husband received from Sonya Smith dated January

12   15, 2011 referenced in paragraph 19 above. [See Exhibit "5"]

13   Plaintiff faxed bank statements and paycheck stubs to Annie

14   Fenster, on or about 06/17/11. Plaintiff spoke with Annie

15   Fenster on 06/21/11, and Plaintiff was informed of new 30 year

16   loan terms @ 5% plus $28,000 arrears - with new payment first a

17   $2202, then $2162.

18      23.  Plaintiff was notified by BAC HOME LOANS that effective

19   July 1, 2011, the servicing of the Loan by BAC HOME LOANS was

20   transferred to BANK OF AMERICA, N.A., and Plaintiff received a

21   collection communication form BANK OF AMERICA, N.A., which stated

22   that Plaintiff owed $309,505.41 on the Loan, which does not

23   account for Plaintiff's three payments in August, September, and

24   October of 2010, which total 6,288.30; or the arrears discharged

25   with the Partial Claim Agreement;  and the $309,505.41 that BANK

26   OF AMERICA, N.A. claimed was owed by Plaintiff is inaccurate.

27   [Exhibit "6"]

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

24.  On or about August 26, 2011, Plaintiff telephoned BANK OF AMERICA, N.A., spoke with Kakila at BANK OF AMERICA, N.A., and requested a new modification package, following BANK OF AMERICA, N.A.'s denial of her last request for assistance. However, BANK OF AMERICA, N.A. transferred Plaintiff to Titanium Solutions to seek assistance. Over the next two and a half months Plaintiff communicated with Titan Solutions, but once again did not get any assistance with her loan; and when Plaintiff contacted BANK OF AMERICA, N.A. because she was not receiving any assistance from Titanium Solutions, BANK OF AMERICA, N.A. told her that she must first opt out of Titanium Solutions before BANK OF AMERICA, N.A. could address her request for assistance.

25.  After Plaintiff received collection calls from BANK OF AMERICA, N.A. on October 12, 2011, and October 21, 2011, Plaintiff spoke with Linda at Titanium Solutions and requested that Plaintiff be released from Titanium Solutions. After multiple requests to Titanium Solutions to Opt Out of Titanium Solutions, Plaintiff was informed on October 31, 2011 by Titanium Solutions that she was released from Titanium Solutions. However, three days later Plaintiff spoke with BANK OF AMERICA, N.A. about getting assistance, and was informed by BANK OF AMERICA, N.A. that she had been re-enrolled in Titanium Solutions.  Plaintiff spoke with Chelsea at BANK OF AMERICA, N.A. on November 8, 2011, who requested manual override, manager follow up - and Plaintiff was finally released from Titanium Solutions.

26.  On November 8, 2011, Plaintiff received a letter from

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Marvin Couch, BANK OF AMERICA, N.A. Customer Relationship Manager

2   [Ex. "5"], instructing Plaintiff and her husband to contact him

3   to discuss programs to avoid foreclosure.  On or about November

4   15, 2011, Plaintiff spoke with and received new documents from

5   BANK OF AMERICA, N.A. for Plaintiff to complete and return to

6   BANK OF AMERICA, N.A. On November 23, 2011, Plaintiff completed,

7   signed, and faxed BANK OF AMERICA, N.A. the Making Home

8   Affordable Program Request For Modification ("RMA") provided by

9   Mr. Couch at BOA, and the requested documents, which included her

10  Hardship Letter, that stated she was in the process of divorcing

11  her husband.

12      27.  Plaintiff received an IMPORTANT MESSAGE ABOUT YOUR HOME

13  LOAN from BANK OF AMERICA, N.A. dated November 22, 2011 which

14  states: "We recently received your payment in the amount of

15  $2,174.52.  This payment was less than the total amount needed to

16  bring your loan up to date.  However, we have applied the above

17  referenced payment to your loan in accordance with your loan

18  terms.  The total amount (past) due after we applied your payment

19  is $39,873.16. [Ex. "7"]

20      28.  Plaintiff received letters from BANK OF AMERICA, N.A.

21  on November 28, 2011, stating that BANK OF AMERICA, N.A. received

22  Plaintiff's RMA correspondence and documents, and Plaintiff

23  should expect a response within the next 20 business days;  and

24  November 30, 2011, stating that Plaintiff's request was

25  "forwarded to a specialist in the appropriate department for

26  further research."   Plaintiff also received a "BORROWER

27  INFORMATION PACKET COVER LETTER" from BANK OF AMERICA, N.A. dated

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

November 30, 2011, which states "According to our records, your home loan payments of $39,873.64 for the month(s) of June 2010 through November 2011 are past due." [Ex. "7"]

29. After Plaintiff did not hear from BANK OF AMERICA, N.A. in December of 2011, Plaintiff contacted Mr. Couch at BANK OF AMERICA, N.A.  on January 11, 2012 about the status of Plaintiff's RMA, and Mr. Couch requested more documents before BANK OF AMERICA, N.A. could proceed with Plaintiff's RMA, including rental agreement with the tenant Plaintiff was renting a room to in her house, bank statement showing deposit of rental income, and latest two pay stubs.

30.  Soon thereafter, Plaintiff received correspondence, from David Bergstrom, Customer Relationship Manager at BANK OF AMERICA, N.A. January 19, 2012 [Ex. "5"], stating that he was Plaintiff's new customer relationship manager at BANK OF AMERICA, N.A..  Plaintiff then spoke with Mr. Bergstrom, who instructed Plaintiff to submit for a new modification application; and Plaintiff faxed BANK OF AMERICA, N.A. the requested documentation on February 21, 2012, May 3, 2012, and June 14, 2012.

31.  On June 29, 2012, Plaintiff spoke with Mr. Bergstrom by telephone, who informed Plaintiff that her modification application had been approved, and that she would be receiving a package.  Plaintiff also received a Notice from BAC HOME LOANS dated June 29, 2012, with a COMMITMENT TO MODIFY MORTGAGE statement that states that delinquent interest in the amount of $33,435.05 had accrued from May 1, 2010 to July 1, 2012, along with $11,592.47 Delinquent Escrow fee, such that $45,027.52 was

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  added to the Principal Balance, making the Principal Balance

2  $330,096.98. [Ex. "8".]

3      32.  BAC HOME LOANS June 29, 2012 letter also required that

4  the executed modification documents be received by BAC HOME LOANS

5  no later then July 29, 2012.  On July 6, 2012, Plaintiff

6  contacted Kirk Dean at BANK OF AMERICA, N.A., who was Mr.

7  Bergstrom's supervisor to inquire whether she could execute the

8  modification documents without her ex husband's signature, and

9  Plaintiff was told that her ex husband must sign, and that he

10 could not help since Plaintiff was over 12 months arrears; and

11 Mr. Dean threatened Plaintiff with foreclosure if her husband did

12 not sign the modification documents.

13     33.  On August 1, 2012 Plaintiff telephoned Defendant BANK

14 OF AMERICA, N.A. and spoke with  Defendant's

15 employees/agents/representatives including Ryan Dayla, Christina,

16 Roxanne, and finally Victoria Rogers, Office of Chairman and CEO

17 - who told Plaintiff that she would open a new claim for

18 Plaintiff, which would remain in her department.

19     34.  Soon thereafter, Plaintiff received correspondence from

20 BANK OF AMERICA, N.A. (with the words Executive Customer

21 Relations, Office of the CEO and President in the upper left

22 corner), stating that Bank of America was assigning Mr. Stevahn

23 Thomas to Plaintiff's account to assist Plaintiff. [Ex. "5"]

24 However, in Mr. Thomas's subsequent August 17, 2012 letter to

25 Plaintiff, he explained to Plaintiff that she was not eligible

26 for a modification, and that Plaintiff could consider other

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   options to foreclosure including Short Sale, or Deed in Lieu of

2   Foreclosure.  [Ex. "5"]

3       35.  On September 7, 2012, Mr. Thomas wrote to Plaintiff and

4   informed her that her property has been referred to foreclosure,

5   and on September 15, 2012 Mr. Thomas on behalf of Defendant BANK

6   OF AMERICA, N.A. wrote to Plaintiff IMPORTANT NOTICE: Time is

7   running out to avoid foreclosure, Plaintiff could apply to be

8   considered for foreclosure alternatives by Plaintiff mailing

9   requested documents to BANK OF AMERICA, N.A.  On September 13,

10  2012, and then again on September 18, 2012, Plaintiff faxed BANK

11  OF AMERICA, N.A.'s , her completed RMA with required documents.

12      36. Soon thereafter, Plaintiff received a letter from BANK

13  OF AMERICA, N.A.'s Customer Relationship Manager, Cindy Orozco,

14  dated September 17, 2012, that states she was Plaintiff's new

15  Customer Relationship Manager at BANK OF AMERICA N.A., and that

16  she would be contacting Plaintiff to continue work started with

17  Plaintiff's previous Customer Relationship Manager. [Ex. "5".] On

18  September 25, 2012, Plaintiff wrote to BANK OF AMERICA, N.A. to

19  give permission for John Kinsfather to speak and receive any and

20  all information on her behalf in regards to her mortgage account

21  with BANK OF AMERICA, N.A.; and Mr. Kinsfather thereafter

22  communicated with BANK OF AMERICA, N.A. on behalf of Plaintiff.

23      37.  Plaintiff then received a letter from BAC HOME LOANS,

24  dated September 27, 2012 requesting more documents from Plaintiff

25  in order to evaluate Plaintiff's mortgage loan for assistance.

26  And then another letter, dated September 28, 2012, from Stevahn

27

28
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Thomas, Customer Relationship Manager at BANK OF AMERICA, N.A., that states he was Plaintiff's new Customer Relationship Manager at BANK OF AMERICA N.A., and that he would be contacting Plaintiff to continue work started with Plaintiff's previous Customer Relationship Manager. [Ex. "5"]  In September, 2012, numerous real estate agents came to Plaintiff's subject residence wanting to short sell her house due to notice of default recorded by Defendant BANK OF AMERICA, N.A. [Ex. "9"]; which was annoying and emotionally stressful to Plaintiff.

38.  After contacting Neighborhood Association Corporation of America ("NACA") in late September 2012 for assistance with Plaintiff's unsuccessful effort to secure a an affordable loan modification from BANK OF AMERICA N.A., NACA submitted yet another loan modification application package for Plaintiff's subject property to BANK OF AMERICA, N.A. on October 10, 2012.

39.  On October 16, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 16, 2012) of $338,607.44 [Ex. "7].

40.  On October 18, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 1, 2012) of

13

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

$338,612.44 [Ex. "7].

41.  On October 19, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 16, 2012) of $338,607.44 [Ex. "7].

42.  On October 22, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 16, 2012) of $338,607.44   Plaintiff also received a letter for BANK OF AMERICA, N.A. dated October 22, 2012, which states that payments in the amount of 62,632.44 are due for June 2010 through October 2012, which, with additional late charges and fees totals $64,118.25; and includes a fee transaction history which does not include the payments that Plaintiff made in August, September, and November of 2010. [Ex. "7".]

43.  In late October, 2012, John Kinsfather, contacted the Federal Housing Authority ("FHA") on behalf of Plaintiff regarding the difficulties Plaintiff was having securing a loan modification from defendants; defendants refusal to recognize the Partial Claim Agreement Plaintiff executed on July 7, 2010 with defendants; and defendants failure to credit Plaintiff for payments Plaintiff made in August, September and November of

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

2010.  On November 1, 2012, Plaintiff faxed the FHA the executed partial claim documents, the payments Plaintiff made in August, September and November of 2010; as well as defendants' "Notice of Intent to Accelerate" correspondence to Plaintiff.

44.  On November 1, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 16, 2012) of $338,607.44 [Ex. "7].

45.  On November 1, 2012, BANK OF AMERICA, N.A. issued a Payoff Statement to Plaintiff that inaccurately states that Plaintiff owed $40,503.67 in interest from 05/01/2010 to 11/30/2012, which with additional charges and Escrow Balance Due for a payoff balance to Release Lien (As of November 16, 2012) of $340,067.21 [Ex. "7].

46.  In December, 2012, Plaintiff received a  letter from Oscar Franco, Customer Relationship Manager at BANK OF AMERICA, N.A., dated December 6, 2012 that states he was Plaintiff's new Customer Relationship Manager at BANK OF AMERICA N.A., and that he would be contacting Plaintiff to continue work started with Plaintiff's previous Customer Relationship Manager. [Ex. "5"] In response, Plaintiff wrote to Mr. Franco about communications with BANK OF AMERICA N.A. about Plaintiff's effort to secure a modification. [Ex. "10"]

47.  In February, 2013, Plaintiff received a  letter from

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Susan Goldstein-Sharp, Customer Relationship Manager at BANK OF
2   AMERICA, N.A., dated February 2, 2013 that states she was
3   Plaintiff's new Customer Relationship Manager at BANK OF AMERICA
4   N.A., and that she would be contacting Plaintiff to continue work
5   started with Plaintiff's previous Customer Relationship Manager.
6   [Ex. "5"]

7       48.   Plaintiff was then contacted by telephone by Susan
8   Goldstein-Sharp who requested that Plaintiff provide her with
9   updated/current documents including: current lease agreement
10  (with tenant); current bank statement; 4506- T Tax form; itemized
11  expenses; and credit report.   Thereafter Ms. Goldstein Sharp
12  wrote to Plaintiff on March 6, 2013, and informed Plaintiff that
13  the U.S. Department of Housing and Urban Development (HUD) had
14  issued new complex loan assistance guidelines, and that BAC HOME
15  LOANS expected to complete their evaluation for Plaintiff's loan
16  by April 30, 2013.

17      49.   On March 12, 2013, Plaintiff received a telephone call
18  from defendants' representative Brenda Seymour, who informed
19  Plaintiff that Plaintiff did not qualify for a loan modification,
20  and that all FHA loans were being resubmitted under new extended
21  guidelines which defendants' had yet to received; that Plaintiff
22  needed unencumbered income to qualify for a FHA loan
23  modification; and advised Plaintiff that Plaintiff should
24  consider a deed in lieu or short sale.

25      50.   Due to physical problems Plaintiff was experiencing as
26  a result of defendants' conduct as described in the

27

28  _____16_____
    **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

aforementioned paragraphs 7 thru 49, in January of 2014, John Kinsfather communicated to defendants in writing and over the telephone, that defendants were not to contact Plaintiff, but to contact Mr. Kinsfather about Plaintiff's loan that is the subject of the within action.  However, defendants ignored Mr. Kinsfather request, and continued to contact Plaintiff by telephone and in writing.

51.  On April 28, 2014, Plaintiff received correspondence from Trustee Corps , informing Plaintiff that her home was in foreclosure, and that title to the property would be transferred to BANK OF AMERICA, N.A. [Ex. "12"].

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

52.  Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

53.  On or about July 7, 2010 Plaintiff BRENDA DOWLING and her husband, Brent Dowling executed a written contract with Defendant BAC HOME LOANS, a subsidiary of Defendant BANK OF AMERICA, N.A.,  titled "Partial Claim and Agreement", which defendant BAC HOME LOANS drafted.

54.  Pursuant to the terms of the Partial Claim and Agreement contract between Plaintiff and Defendants, Plaintiff made payment by Cashier's Checks to BANK OF AMERICA HOME LOANS in the amounts of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10 - which BANK OF AMERICA

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

HOME LOANS received and deposited; and Plaintiff fully performed under the terms of the Partial Claim and Agreement.

55.  Under the terms of the Partial Claim and Agreement, and the accompanying Deed of Trust, Plaintiff's aforementioned payments, in compliance with the terms of the Partial Claim and Agreement with BAC HOME LOANS, brought the Loan to current status, as the $15, 064.12 amount in arrears was transferred to HUD in the Deed of Trust and Subordinate Note to HUD, which Plaintiff and her husband executed as part of their Partial Claim Agreement with BAC HOME LOANS.  The Deed of Trust and Subordinate Note was recorded by HUD on August 12, 1010.

56. However, Plaintiff BRENDA DOWLING and her husband received three NOTICE OF INTENT TO ACCELERATE letters from BAC HOME LOANS, dated September 22, 2010, October 21, 2010, and November 17, 2010, stating that the Loan was in default in the amount $12,619.56,, and On October 18, 2012, Plaintiff was contacted by telephone by a BAC HOME LOANS representative named Clint, to collect $12,891.68 that BAC HOME LOANS claimed was in default on the Loan - even though Plaintiff DOWLING's Partial Claim Agreement with BANK OF AMERICA brought the Loan current; such that Defendants have failed to tender performance under the terms of the Partial Claim and Agreement, and are in breach of the Partial Claim and Agreement.

57.  Plaintiff BRENDA DOWLING has been damaged by Defendants breach of the Partial Claim and Agreement including monetary loss for Plaintiff's payments to Defendant to BANK OF AMERICA HOME

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

LOANS in the amounts of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10 - which BANK OF AMERICA HOME LOANS received and deposited; but never credited Plaintiff, Plaintiff's divorce with her husband Brent Dowling; inaccurate reporting of the balance on Plaintiff's loan by Defendants; and Plaintiff's inability to secure a loan modification for Defendants.

58.   As a proximate result of Defendants failure to tender performance under the terms of the Partial Claim and Agreement, and breach of the Partial Claim and Agreement with Plaintiff and her husband, Plaintiff suffered actual damages in amount to be determined at trial, but at least $15,064.12, as well as special damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION FOR CONVERSION**

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

59.   Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

60.   Pursuant to the terms of the Partial Claim and Agreement contract between Plaintiff and Defendants, Plaintiff made payment by Cashier's Checks to BANK OF AMERICA HOME LOANS in the amounts of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10 - which BANK OF AMERICA HOME LOANS received and deposited; and Plaintiff fully performed under the terms of the Partial Claim and Agreement.

61.   Under the terms of the Partial Claim and Agreement, and

19

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

the accompanying Deed of Trust, Plaintiff's aforementioned payments, in compliance with the terms of the Partial Claim and Agreement with BAC HOME LOANS, brought the Loan to current status, as the amount in arrears was transferred to HUD in the Deed of Trust and Subordinate Note to HUD, which Plaintiff and her husband executed as part of their Partial Claim Agreement with BAC HOME LOANS.  The Deed of Trust and Subordinate Note was recorded by HUD on August 12, 1010.

62. However, Plaintiff BRENDA DOWLING and her husband received three NOTICE OF INTENT TO ACCELERATE letters from BAC HOME LOANS, dated September 22, 2010, October 21, 2010, and November 17, 2010, stating that the Loan was in default in the amount $12,619.56, and On October 18, 2012, Plaintiff was contacted by telephone by a BAC HOME LOANS representative named Clint, to collect $12,891.68 that BAC HOME LOANS claimed was in default on the Loan - even though Plaintiff DOWLING paid Defendants the amounts of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10 that total $6,288.30: which BANK OF AMERICA HOME LOANS received and deposited - but which Defendants have never credited Plaintiff DOWLING.

63.  Defendants acceptance and deposit of Plaintiff's payments in the amount of $6,288.30, as of November 1, 2010 without ever crediting Plaintiff for the payments in the amount of $6,288.30, notwithstanding Plaintiff's requests that Defendant BAC HOME LOANS properly credit Plaintiff for these payments,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

constitutes conversion.

64.  As a result of Defendants' acts of conversion, Plaintiff suffered actual damages in amount to be determined at trial, but at least $6,288.30 plus interest, as well as special damages in an amount to be determined at trial.

65.  In doing the acts herein alleged, defendants acted with oppression, fraud, malice, and in conscious disregard for the rights of Plaintiff BRENDA DOWLING, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

66.  Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

67.  As alleged in paragraphs 12 - 51 above, Defendants engaged in a pattern of deception, tortious conduct, and harassment of Plaintiff BRENDA DOWLING in response to Plaintiff's attempts to secure a loan modification, which would allow her to save her home - which included passing her from one customer representative to another, who, in response to the previous customer representatives denial of Plaintiff's application for a loan modification, would require Plaintiff to re submit update versions of documents requested by the previous customer representative, only to deny Plaintiff's request for a loan

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

modification; Defendants' refusal to acknowledge the Partial Claim & Agreement, or to credit Plaintiff the $6,288.30 Plaintiff paid Defendants pursuant to the Partial Claim and Agreement; and repeatedly misstating the balance owed on the loan because of Defendants failure to acknowledge the Partial Claim Agreement.

68.   The conduct of Defendants was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure Defendants' deception and harassment.

69.   As evidenced by the repeated nature of Defendants conduct, Defendants intended the aforementioned conduct to cause Plaintiff DOWLING severe emotional distress,

70.   As the result of Defendants' repeatedly unconscionable and outrageous conduct, Plaintiff has suffered mental anguish, emotional distress, humiliation, and feelings of helplessness and desperation.

71.   As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, Plaintiff has sustained severe and serious injury, including but not limited to severe emotional distress, all to Plaintiff's actual damages in amount to be determined at trial, as well as special damages in an amount to be determined at trial.

72.   In doing the acts herein alleged, defendants acted with oppression, fraud, malice, and in conscious disregard for the rights of Plaintiff BRENDA DOWLING, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**FOURTH CAUSE OF ACTION FOR VIOLATION OF THE**

**FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. §1962e(2)(A)**

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

73.   Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

74.   Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt on Plaintiff's home mortgage loan as follows (see Exhibits "7", "8" and "11"):

(i) By repeatedly falsely representing the amount owed on Plaintiff BRENDA DOWLING's home mortgage loan beginning in October of 2010 to the present due to Defendants' failure to properly credit Plaintiff for Plaintiff's payments by to BANK OF AMERICA HOME LOANS in the amounts of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10.

(ii) By repeatedly falsely representing the past amount due on Plaintiff BRENDA DOWLING's home mortgage loan beginning in October of 2010 to the present due to Defendants' failure to acknowledge and tender performance under the Partial Claim and Agreement executed by Plaintiff and her husband on July 7, 2010, which extinguished $15,064.12 in arrears, which Defendants have failed to properly credit Plaintiff, and have repeatedly falsely represented the amount owed on Plaintiff BRENDA DOWLING's home mortgage loan. [See Exhibits "7", "8", and "11".]

75.   As a result of the above violations of the Fair Debt

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Collection Practices Act 15 U.S.C. 1692e(2)(A), Defendants are liable to Plaintiff for declaratory judgment that Defendants conduct violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2)(A), and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### FIFTH CAUSE OF ACTION FOR VIOLATION OF THE

### FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. §1962d(5)

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

76. Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

77. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, as described in paragraph 50: Due to physical problems Plaintiff was experiencing as a result of defendants' conduct, John Kinsfather who had been communicating on behalf Plaintiff DOWLING, instructed defendants in writing and over the telephone in January of 2014, that defendants were not to contact Plaintiff, but to contact Mr. Kinsfather about Plaintiff's loan; However, defendants ignored Mr. Kinsfather's request, and have continued to contact Plaintiff by telephone.

78. As a result of the above violations of the Fair Debt Collection Practices Act 15 U.S.C. 1692d(5), Defendants are liable to Plaintiff for declaratory judgment that Defendants

24

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

conduct violated the Fair Debt Collection Practices Act 15 U.S.C. 1692d(5), and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**SIXTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA HOMEOWNER'S BILL OF RIGHTS - CA CIVIL CODE §§2920 ET SEQ**

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

79.    Plaintiff incorporates by this reference Paragraphs 1 - 51 of this Complaint, as if the same were fully set forth herein.

80.    Defendants' violated California Civil Code §2923.7, which requires that when a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.

81.    As a result of the above violations of the California Homeowners Bill Of Rights, Defendants are liable to Plaintiff for declaratory judgment that Defendants conduct violated California Civil Code §2923.7, such that Plaintiff is entitled to injunctive relief pursuant to Cal. Civ. Code §2924.12(1)(2) enjoining any trustee's sale; and for reasonable attorney's fees and costs pursuant to Cal. Civ. Code §2924.12(i).

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 ET SEQ.**

**(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

82.    Plaintiff HIROMOTO incorporates by this reference

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Paragraphs  1 - 40 of this Complaint, as if the same were fully set forth herein.

83.  Plaintiff BRENDA DOWLING is informed and believes, and thereon alleges that beginning at an exact date unknown to plaintiff,  but at least since July of 2010, Defendants have committed acts of unfair competition in violation of Business & Professions Code §§ 17200 et. seq., by refusing to acknowledge the Partial Claim agreement drafted by Defendant BAC HOME LOANS, which Plaintiff and her husband executed on July 7, 2012; by converting Plaintiff's three payments of $2,096.78 dated 08/31/10, $2,095.76 dated 09/30/10, and $2,095.76 dated 11/01/10 in the amount  $6,288.30 - pursuant to the Partial Claim Agreement, without crediting Plaintiff DOWLING for these payments; and by Defendants' failure to respond in good faith to Plaintiff's request for assistance in order to obtain a loan modification.

84. Defendants refusal to acknowledge the Partial Claim agreement drafted by Defendant BAC HOME LOANS, which Plaintiff and her husband executed on July 7, 2012 violates Business & Professions Code section 17200 et seq. in the following respects:

a.   Defendants refusal to acknowledge the Partial Claim agreement drafted by Defendant BAC HOME LOANS, which Plaintiff and her husband executed on July 7, 2012 constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

b.   The harm to plaintiffs and to members of the general public from Defendants practice of refusing to

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

acknowledge Partial Claim Agreements that Defendants draft and provide to the public, outweighs the utility of defendant's practice and, consequently constitutes an unfair business act or practice within the meaning of business and Professions Code section 17200.

c. Defendants practice of refusing to acknowledge Partial Claim Agreements that Defendants draft and provide to the public, is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of business and Professions Code section 17200.

d. Defendants' practice of refusing to acknowledge Partial Claim Agreements that Defendants draft and provide to the public other members of the public constitutes common law fraud, and breach of contract, and, consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

85. Defendants failure to credit Plaintiff DOWLING for the payments that Plaintiff made pursuant to the Partial Claim Agreement violates Business & Professions Code section 17200 et seq. in the following respects:

a. Defendants failure to credit Plaintiff DOWLING and other members of the public for the payments made to Defendants pursuant to the Partial Claim Agreement constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

b. The harm to plaintiffs and to members of the general public from Defendants failure to credit Plaintiff DOWLING and other members of the public for the payments made to Defendants pursuant to the Partial Claim Agreement, outweighs the utility of defendant's

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

practice and, consequently constitutes an unfair business act or practice within the meaning of business and Professions Code section 17200.

c. Defendants failure to credit Plaintiff DOWLING and other members of the public for the payments made to Defendants pursuant to Partial Claim Agreements that Defendants draft and provide to the public, is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of business and Professions Code section 17200.

d. Defendants failure to credit Plaintiff DOWLING and other members of the public for the payments made to Defendants pursuant to the Partial Claim Agreement constitutes common conversion, and consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

86. Defendants' failure to respond in good faith to Plaintiff's request for assistance in order to obtain a loan modification violates Business & Professions Code section 17200 et seq. in the following respects:

a. Defendants' failure to respond in good faith to Plaintiff's and other members of the public's requests for assistance in order to obtain a loan modification constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

b. The harm to plaintiffs and to members of the general public from Defendants' failure to respond in good faith to Plaintiff's and other members of the public's requests for assistance in order to obtain a loan modification , outweighs the utility of defendant's

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13

practice and, consequently constitutes an unfair business act or practice within the meaning of business and Professions Code section 17200.

c.    Defendants' failure to respond in good faith to Plaintiff's and other members of the public's requests for assistance in order to obtain a loan modification, is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of business and Professions Code section 17200.

d.    Defendants failure to credit Plaintiff DOWLING and other members of the public for the payments made to Defendants pursuant to the Partial Claim Agreement constitutes common law fraudn, and consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

14  87. The unlawful, unfair, and fraudulent business practices

15  of Defendants BAC HOME LOANS and BANK OF AMERICA, N.A. as

16  described above, presents a continuing threat to members of the

17  public.

18      88.  As the proximate result of Defendant OSTROW SCHOOL OF

19  DENTISTRY's unlawful, unfair, and/or fraudulent business acts or

20  practices in violation of Business and Professions Code §§ 17200

21  et seq., Plaintiff DOWLING has suffered injury in fact and loss

22  of money, and is entitled to restitution at least in the amount

23  of $6,288.30; and injunctive relief prohibiting defendants from

24  the aforementioned conduct in violation of California Business

25  and Professions §§17200 et seq.

26
27
28

29

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3      WHEREFORE, Plaintiff requests the following judgment:

4  **FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT (Against Defendants**

5  **BANK OF AMERICA, N.A. and BAC HOME LOANS):**

6      1.  For actual damages in an amount to be ascertained, but

7  at least $15,064.12 plus interest, against Defendants BANK OF

8  AMERICA, N.A. and BAC HOME LOANS.

9      2. For special damages in an amount to be ascertained

10 against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

11 **SECOND CAUSE OF ACTION FOR CONVERSION (Against Defendants BANK OF**

12 **AMERICA, N.A. and BAC HOME LOANS):**

13     1.  For actual damages in an amount to be ascertained, but

14 at least $6,388.30 plus interest, against Defendants BANK OF

15 AMERICA, N.A. and BAC HOME LOANS.

16     2. For special damages in an amount to be ascertained

17 against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

18     3.  For punitive damages in an amount to be ascertained

19 against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

20 **THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL**

21 **DISTRESS (Against Defendants BANK OF AMERICA, N.A. and BAC HOME**

22 **LOANS):**

23     1.  For actual damages in an amount to be ascertained

24 against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

25     2. For special damages in an amount to be ascertained

26 against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

27
28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1       3.  For punitive damages in an amount to be ascertained

2   1against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

3   **FOURTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT**

4   **COLLECTION PRACTICES ACT - 15 U.S.C. §1962 ET SEQ**

5   **(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

6       1.  For actual damages in an amount to be ascertained

7   against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

8       2.  For statutory damages in an amount to be ascertained

9   against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

10  **FIFTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT**

11  **COLLECTION PRACTICES ACT - 15 U.S.C. §1962 ET SEQ**

12  **(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

13      1.  For actual damages in an amount to be ascertained

14  against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

15      2.  For statutory damages in an amount to be ascertained

16  against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS.

17  **SIXTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA**

18  **HOMEOWNER'S BILL OF RIGHTS - CA CIVIL CODE §§2920 ET SEQ**

19  **(Against Defendants BANK OF AMERICA, N.A. and BAC HOME LOANS)**

20      1.  For Injunctive relief enjoining any trustee sale of

21  Plaintiff BRENDA DOWLING's property located at 4040 West Iris

22  Avenue, Visalia, California 93277 until such time as defendants

23  remedy their violations of Cal. Civ. Code §§2920 et seq.

24  **SEVENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND**

25  **PROFESSIONS CODE §§17200 ET SEQ (Against Defendants BANK OF**

26  **AMERICA, N.A. and BAC HOME LOANS)**

27

28

31

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1.   For injunctive relief enjoining Defendants' conduct including Defendants' refusal to acknowledge Partial Claim Agreements which Defendants' provide to the public who execute the Partial Claim Agreements; and  Defendants' failure to credit members of the public for payments made pursuant to Partial Claim Agreements that Defendants' provide to the public.

2.   For injunctive relief ordering Defendants' to provide the public with a single point of contact for the purpose of modifying loans.

3.   For restitution to Plaintiff BRENDA DOWLING in the amount of $6,288.30 plus interest.

**ON ALL CAUSES OF ACTION:**

1.   For cost of suit, including attorneys' fees;

2.   For interest on any and all amounts found due;

3.   For all other proper relief.

Dated: July 1, 2014        LAW OFFICE OF JOHN DROOYAN

                              By/s/John N. Drooyan, Esq.
                                JOHN N. DROOYAN
                              479 West 6th St., Ste. 202
                              San Pedro, CA 90731
                              jd@drooyanlaw.com
                                 (310)309-9430

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal rules of Civil Procedure.

                              By /s/ John N. Drooyan, Esq.
                                JOHN DROOYAN
                              Attorney for Plaintiff
                              Brenda Dowling

32

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**