1   MCGUIREWOODS LLP
     ALISON V. LIPPA SBN #160807
2   1800 Century Park East
     8th Floor
3   Los Angeles, CA  90067-1501
     Telephone:  310.315.8200
4   Facsimile:  310.315.8210

5   Attorneys for Defendant
     BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS
6   SERVICING LP (erroneously sued as Bank of America, National Association, aka Bank of
     America, N,A.; aka Bank of America; and BAC Home Loans Servicing aka Bank of America
7   Home Loans)

8

9                          UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

11

12   BRENDA D. DOWLING, an individual,      CASE NO. 1:14-cv-01041-SAB

13                 Plaintiffs,              [Assigned to the Hon. Stanley A. Boone in
                                            Courtroom 9]
14          vs.

15   BANK OF AMERICA, NATIONAL              **DEFENDANT'S NOTICE OF HEARING
     ASSOCIATION, AKA BANK OF               ON MOTION AND MOTION TO
16   AMERICA, N,A.; AKA BANK OF             DISMISS PLAINTIFFS' COMPLAINT
     AMERICA; and BAC HOME LOANS           PURSUANT TO FEDERAL RULE OF
17   SERVICING, AKA BANK OF AMERICA         CIVIL PROCEDURE 12(B)(6);
     HOME LOANS,                           MEMORANDUM OF POINTS &
18                                          AUTHORITIES IN SUPPORT THEREOF**
                   Defendants.
19

20                                          Date:      September 24, 2014
                                            Time:      10:00 a.m.
21                                          Crtrm.:  9

22                                          Complaint Filed:      July 2, 2014
                                            Trial Date:           None Set
23

24

25

26

27

28

---

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 24, 2014 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9, before the Honorable Stanley A. Boone of the United States District Court for the Eastern District of California, Fresno Division, located at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721, Defendant BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS SERVICING LP (erroneously sued as Bank of America, National Association, aka Bank of America, N,A.; aka Bank of America; and BAC Home Loans Servicing aka Bank of America Home Loans) ("BANA" or "Defendant")[1] will move the Court pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing Plaintiff's Complaint filed on July 2, 2014 and all claims alleged against Defendant.

The grounds for this motion are: (1) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the Complaint is not pled sufficiently under Fed. Rule Civ. P.8(a) or with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) the Complaint's defects are such that they are incurable and incapable of amendment; and (4) Plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Accordingly, the Complaint and the claims brought against Defendant therein should be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]  BAC Home Loans Servicing, LP merged with and into BANA on July 1, 2011. Therefore, BANA is responding on behalf of both of these entities.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the judicially noticed documents, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

DATED: August 5, 2014                     Respectfully submitted,

MCGUIREWOODS LLP


By:      /s/ Alison V. Lippa
         Alison V. Lippa
Attorneys for Defendant
BANK OF AMERICA, N.A., for itself and as
successor by merger to BAC HOME LOANS
SERVICING LP (erroneously sued as Bank of
America, National Association, aka Bank of
America, N,A.; aka Bank of America; and BAC
Home Loans Servicing aka Bank of America
Home Loans)

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   STANDARD OF REVIEW ................................................................... 3

III.  PLAINTIFF DEFAULTED ON HER MORTGAGE OBLIGATIONS AND THE LOAN WAS EVENTUALLY MODIFIED ............................................ 3

IV.   THE COMPLAINT IS GLOBALLY DEFECTIVE ............................ 5

      A.    The Complaint Must Be Dismissed for Failure to Include an Indispensable Party. ..................................................................... 5

      B.    The Complaint Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A). ............................................................................... 6

V.    PLAINTIFF'S INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW ...................... 8

      C.    Plaintiff Fails to State a Cause of Action for Breach of Contract.  (COA 1) ........... 8

            1.    Plaintiff offers no details concerning the alleged breach of contract claim. ................................................. 8

            2.    Plaintiff has failed to allege resulting damages. ........................... 10

      D.    Plaintiff Fails to State a Claim for Conversion.  (COA 2) .................... 11

      E.    Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress. (COA 3) ...................................... 12

      F.    Plaintiff Fails to State a Claim for Violations of the Fair Debt Collection Practices Act.  (COA 4 and 5) ................. 13

      A.    Plaintiffs Fail to State a Claim for Violation of Cal. Civil Code Section 2923.7.  (COA 6) ................................. 14

      B.    Plaintiff Fails to State a Claim under Cal. Bus. & Prof. Code Section 17200. (COA 7) ................................................ 15

            1.    Plaintiff Lacks Standing to Pursue a UCL Claim. ...................... 15

            2.    Plaintiff's UCL Claim Fails. ........................................... 15

VI.   LEAVE TO AMEND SHOULD NOT BE GRANTED .................... 18

VII.  CONCLUSION .................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
    129 S.Ct. 1937 (2009) .................................................................................................... 3, 6

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................................................. 3, 6, 8, 9

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995).................................................................................................. 18

*Barocio v. Bank of America, N.A.,*
    No. C 11–5636 SBA, 2012 WL 3945535, at *9 (N.D.Cal. Sep.10, 2012) .......................... 7, 9

*Brown v. Pacific Life Ins. Co.*
    462 F3d 384 (5th Cir. 2006) ................................................................................................. 5

*Carson v. Bank of America, N.A.*
    2013 U.S. Dist. LEXIS 12800 ............................................................................................ 17

*Cervantes v. Countrywide Home Loans, Inc.*
    2011 U.S. App. LEXIS 1856 (9th Cir. 2011)...................................................................... 13

*Conley v. Gibson*
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .................................................................... 9

*Connors v. Home Loan Corp.*
    2009 WL 1615989 (S.D. Cal. 2009) ................................................................................... 13

*Crowe & Dunlevy, P.C. v. Stidham*
    640 F.3d 1140 (10th Cir. 2011).............................................................................................. 5

*Desaigoudar v. Meyercord*
    223 F.3d 1020 (9th Cir. 2000).............................................................................................. 17

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*
    375 F3d 861 (9th Cir. 2004)................................................................................................... 5

*Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987)................................................................................................ 3

*Ferrington v. McAfee, Inc.*
    2010 U.S. Dist. LEXIS 106600 (N.D. Cal. 2010)............................................................... 16

*Gonzalez v. Metropolitan Transp. Authority*
    174 F3d 1016 (9th Cir. 1999)................................................................... 5

*Harris v. Wells Fargo Bank, N.A.*
    2013 U.S. Dist. LEXIS 61847 (N.D. Cal. 2013)................................... 18

*Lozano v. AT&T Wireless Servs.*
    504 F.3d 718 (9th Cir. 2007).................................................................. 16

*McNeil v. Home Budget Loans*
    2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010) ..................................... 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp.*
    464 F3d 885(9th Cir. 2006)...................................................................... 5

*Miller v. Rykoff-Sexton, Inc.*
    845 F.2d 209 (9th Cir. 1988).................................................................. 18

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001).................................................................... 3

*Republic of Philippines v. Pimentel*
    553 US 851 (2008) .................................................................................. 5

*Rivera v. Peri & Sons Farms, Inc.*
    735 F.3d 892 (9th Cir.2013), *pet. for cert. filed,* ⸺ U.S. ⸺, 82 U.S.L.W. (Feb. 6, 2014)........................................................................................................ 7, 9

*Scott v. Wells Fargo Home Mortg., Inc.* (2003)
    326 F. Supp. 2d 709 .............................................................................. 14

*Skinner v. Switzer*
    ⸺ U.S. ⸺, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) ..................... 7, 9

*Swirkiewicz v. Sorema N.A.*
    534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ........................... 7, 9

*Wayne Merritt Motor Co. v. N.H. Ins. Co.*
    2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012)................................. 17

*Williams v. Countrywide Home Loans, Inc.*
    504 F. Supp. 2d 176 (S.D. Tex. 2007) ................................................. 13

**CALIFORNIA CASES**

*Bentley v. Mountain*
    51 Cal.App.2d 95 (1942)......................................................................... 9

*Berryman v. Merit Prop. Mgmt., Inc.*
    152 Cal.App.4th 1544 (2007).................................................................. 16

*Brandon & Tibbs v. George Kevorkian Accountancy Corp.*
    226 Cal.App.3d 442 (1990) ................................................................. 10

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
    20 Cal.4th 163 (1999)........................................................................ 15

*Christensen v. Superior Court*
    54 Cal. 3d 868 (1991)........................................................................ 12

*Conroy v. Regents of Univ. of Cal.*
    45 Cal.4th 1244 (2009)....................................................................... 17

*Durell v. Sharp Healthcare*
    183 Cal.App.4th 1350 (2010).............................................................. 16

*Farmers Ins. Exchange v. Zerin*
    53 Cal.App.4th 445 (1997).................................................................. 11

*Golden Eagle Refinery Co., Inc. v. Associated Intern. Ins. Co.*
    85 Cal.App.4th 1300 (2001)............................................................. 7, 9

*Haley v. Casa Del Rey Homeowners Assn.* (2007)
    153 Cal.App.4th 863 ......................................................................... 10

*Imperial Valley Co. v. Globe Grain and Milling Co.*
    187 Cal. 352, 202 P. 129 (1921) ...................................................... 11, 12

*Khoury v. Maly's of Cal., Inc.*
    14 Cal.App.4th 612 (1993).................................................................. 16

*Klein v. Earth Elements*
    59 Cal.App.4th 965 (1997).................................................................. 17

*Krantz v. BT Visual Images*
    89 Cal.App.4th 164 (2001).................................................................. 16

*Lazar v. Hertz Corp.*
    69 Cal.App.4th 1494 (1999)................................................................ 16

*Lazar v. Super. Ct.*
    12 Cal.4th 631 (1996)........................................................................ 18

*Levy v. State Farm Mut. Auto Ins. Co.*
    150 Cal.App.4th 1 (2007).................................................................. 7, 9

*Motors, Inc. v. Times Mirror Co.*
    102 Cal.App.3d 735 (1980)................................................................. 16

*Oakland Raiders v. Oakland-Alameda Co. Coliseum*
    144 Cal.App.4th 1175 (2006).............................................................. 17

*People v. McKale*
    25 Cal. 3d 626 (1979)..............................................................16

*Perlas v. GMAC Mortgage LLC*
    187 Cal.App.4th 429 (2010).......................................................18

*Reichert v. General Ins. Co.*
    68 Cal.2d. 822 (1968).........................................................7, 10

*Reichert v. General Ins. Co.*
    68 Cal.2d.at 830...................................................................9

*Resort Video, Ltd. v. Laser Video, Inc.*
    35 Cal.App.4th 1679 (1995)......................................................10

*Ross v. Creel Printing & Publ'g Co., Inc.*
    100 Cal.App.4th 736 (2002)......................................................13

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
    72 Cal.App.4th 861 (1999).......................................................16

*Saunders v. Sup. Ct.*
    27 Cal.App.4th 832 (1994).......................................................16

*Scripps Clinic v. Superior Court*
    108 Cal.App.4th 917 (2003)......................................................16

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
    2 Cal.App.4th 153 (1991).........................................................18

*Thompson v. Purdy*
    117 Cal.App. 565 (1931)...........................................................9

*Warren v. Merrill*
    143 Cal.App.4th 96 (2006).......................................................17

*Wong v. Tai Jing*
    189 Cal.App.4th 1354 (2010).....................................................12

**OTHER CASES**

*Hadley v. Baxendale,*
    156 Eng.Rep. 145 (1854).........................................................10

**FEDERAL STATUTES**

15 U.S.C. § 1692(a)(6)..............................................................14

15 U.S.C. § 1962d(5)...............................................................13

15 U.S. C. § 1962e(2)(A) ........................................................................... 13

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................. 2, 15

Cal. Bus. & Prof. Code § 17204 ................................................................ 15

Cal. Civ. Code § 1710(2) ........................................................................... 17

Cal. Civ. Code § 2923.7 ............................................................................. 14

Cal. Civ. Code § 2923.7(a) .................................................................... 14, 15

Cal. Civ. Code § 2924.17 ............................................................................. 2

Cal. Civ. Code § 3300 ................................................................................ 10

**OTHER AUTHORITIES**

1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 814 ................. 7

4 Witkin, Cal. Procedure (4th ed. 1996) Pleading, § 4495, pp. 585–586 ...... 9

Bill of Rights .......................................................................................... 2, 14

Fed. R. Civ. P. Rule 8 .................................................................................. 8

Fed. R. Civ. P. Rule 8 .................................................................................. 6

Fed. R. Civ. P. Rule 8(A) ............................................................................ 6

Fed. R. Civ. P. Rule 8(a)(2) ...................................................................... 6, 9

Fed. R. Civ. P. Rule 9(b) ............................................................................ 17

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................... 3

Fed. R. Civ. P. Rule 19 ................................................................................ 5

Fed. R. Civ. P. Rule 19(a) ........................................................................... 5

Fed. R. Civ. P. Rule 19(b) ........................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff BRENDA DOWLING initiated this action even though the real property located at 4040 West Iris Avenue, Visalia, CA 93277 (the "Property") is not in foreclosure and the subject loan is not in default at all.  Plaintiff fails to address any current foreclosure process and does not plead that any current Notice of Default has been recorded or that she is facing a sale.  (*See* Compl. generally).  In fact, the Property is not actively in foreclosure and there is no sale date as Plaintiff recently accepted and is paying under a recorded permanent modification agreement ("Loan Modification").  (**Request for Judicial Notice ("RJN") Ex. A [Recorded Permanent Modification Agreement]**).[2]

Instead, the crux of Plaintiff's Complaint is that Defendant BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS SERVICING LP ("Defendant" or "BANA") should be liable for breach of contract and conversion that allegedly occurred in July 2010 -- almost exactly four years ago to the day before the Complaint was filed -- when Plaintiff was offered a "Partial Claim and Agreement" ("Partial Claim") under which the Department of Housing and Development ("HUD") as the lender agreed to finance with an interest-free loan Plaintiff's arrears at the time of $15.064.12.[3]  (**Compl. Ex. 1 [Partial Claim]; Compl. Ex. 3 [Partial Claim Deed of Trust]**).  The Partial Claim was not a modification of Plaintiff's whole

---

[2]  Plaintiff executed the permanent loan modification agreement on April 14, 2014, and the document was recorded in the Official Records, County of Tulare on April 25, 2014.  Plaintiff is paying under the permanent modification and the loan is current.  The terms of Plaintiff's modification are not at issue in this action. (*See* Compl. generally and RJN Ex. A).

[3]  A Partial Claim is an interest-free loan from HUD.  The HUD website describes a Partial Claim as follows:  "Under the Partial Claim Option, the Lender will advance funds on behalf of the Borrower in an amount necessary to reinstate the delinquent loan (not to exceed the equivalent of 12 months PITI).  The Borrower will execute a Promissory Note and Subordinate Mortgage payable to HUD.  Currently, these Promissory or "Partial Claim" Notes assess no interest and are not due and payable until the Borrower either pays off the first mortgage or no longer owns the property."  *See* Partial Claim Frequently Asked Questions, http://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/sfh/nsc/faqpc.

1

loan obligation, but was merely a way, assuming Plaintiff qualified and complied with the terms of the Partial Claim, for her to bring the Loan current.  Plaintiff offers no explanation for why she waited to the end of the breach of contract statutory limitations period to bring the current action, or how she has been damaged at all given that the Loan is permanently modified and not in foreclosure.  Despite 88 densely pled paragraphs in the Complaint and 130 pages of attached exhibits, the Complaint contains no averments concerning *how* Defendant is alleged to have breached the Partial Claim, and admits without explanation that Plaintiff only paid a fraction (less than half) of the total amount financed in the Partial Claim.  The Complaint provides only the bare assertion that Defendant did not "tender performance" under the Partial Claim, but beyond that statement the Complaint is devoid of any detail and therefore all claims derived from the allegation that the Partial Claim was breached are defective.

Procedurally this case is not the usual foreclosure action because Plaintiff does not seek to challenge the foreclosure process nor is she attempting to use the litigation to stop an imminent sale – on the contrary, there is no foreclosure process to challenge.  Instead, this action would seem on its face to be nothing more than a demand for damages against the bank that properly engaged in foreclosure activity and inevitable collections against Plaintiff leading up to the date she received the Loan Modification.  Plaintiff asserts seven causes of action:  (1) the alleged breach of the Partial Claim; (2) conversion of the three payments Plaintiff admits she made under the Partial Claim; (3) intentional infliction of emotional distress; (4) and (5) Fair Debt Collection Practices Act violations; (6) violations of the California Homeowner Bill of Rights, *Cal. Civ. Code* § 2924.17; and (7) Violation of *Cal. Bus. & Prof. Code* § 17200.

The applicable law, however, does not support a viable cause of action under any of the asserted claims because Plaintiff's underlying premise lacks merit.  Plaintiff fails to assert the existence of a contract, that Defendant breached the terms of a "Partial Claim" or that Plaintiff suffered damaged relating to any such breach.  Further, Plaintiff also fails to establish that Defendant has violated the California Homeowner Bill of Rights, Cal. Civil Code Section 2924.17 because the Complaint is devoid of details concerning any alleged conduct that allegedly violated this section.  Finally, Plaintiff's intentional infliction of emotional distress and conversion causes

1   of action fail to state a claim against Defendant.  Accordingly, Defendant respectfully moves this

2   Court to dismiss the Complaint with prejudice.

3   **II.     STANDARD OF REVIEW**

4          Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the

5   Complaint.  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  Mere "labels and

6   conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice

7   to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  Rather,

8   Plaintiff must allege sufficient facts to state a claim that is "plausible on its face…allow[ing] the

9   court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged."

10  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)  When considering a motion to dismiss, the Court

11  should also disregard allegations that are contradicted by exhibits to the complaint or by

12  documents referred to therein and considered pursuant to judicial notice.  *Durning v. First Boston*

13  *Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

14  **III.    PLAINTIFF DEFAULTED ON HER MORTGAGE OBLIGATIONS AND THE**

15          **LOAN WAS EVENTUALLY MODIFIED**

16          On October 15, 2008, Plaintiff Brenda Dowling and her former spouse Brent Dowling

17  obtained mortgage loan in the amount of $291,157 from Provident Mortgage Corporation (the

18  "Note") that was insured by the Federal Housing Administration ("FHA")." [4]  The Note was

19  secured by a Deed of Trust ("DOT") which was recorded in Tulare County on October 24, 2008

20  and secured by the Property.  (See RJN **Ex. B [DOT]**).  The DOT provides that upon breach of the

21  loan agreement, the Lender can give notice to accelerate. (RJN, Ex. B at p. 4).

22          Plaintiff alleges that on July 1, 2010, she and her husband received correspondence from

23  _____

24          [4]  On August 29, 2012, Plaintiff executed and recorded a Quit Claim Deed and an

25  Interspousal Grant Deed allegedly removing her husband from title to the Property. **(RJN Ex. C)).**
    Nevertheless, Plaintiff's former husband Brent Dowling is a necessary party to these proceedings.

26  To the extent Plaintiff's claims arise from the alleged Partial Claim, and not from claims arising

27  from the Deed of Trust or title to the Property, Brent Dowling is a necessary and indispensable
    party to these proceedings.  *See* Section IV.A *infra.*

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(B)(6)

1  BANA notifying them that they qualified for workout assistance.  (Compl. ¶ 12).  The

2  correspondence included a Partial Claim Commitment Letter and a number of other documents

3  relating to the offer of a Partial Claim, which Plaintiff and her husband executed and returned on

4  July 7, 2010.  (*Id.*, and Compl. at Ex. 1).  Plaintiff claims that under the terms of the Partial Claim

5  and the Partial Claim Deed of Trust, and as long as Plaintiff made payments in compliance with

6  the agreement, BANA would bring her loan current and her arrears of $15,064.12 would be

7  transferred to HUD.  (Compl. ¶ 15, and Ex. 1).  A Partial Claim Deed of Trust, executed by both

8  Brent and Brenda Dowling, reflecting the sum of$15,064.12 was recorded on August 12, 2010.

9  (*Id.*)  Plaintiff alleges that she was required to make her first payment of $2,095.76 by September

10  1, 2010 and no later than the 15th of each month thereafter.  Plaintiff claims that she and her

11  husband made three payments under the Partial Claim between August 31, 2010 and November 1,

12  2010. (Compl. ¶¶13, 14, and Ex. 2).  Plaintiff claims that despite the Partial Claim, she received

13  three Notice of Intent to Accelerate letters from BANA stating that the loan was in arrears.

14  (Compl.¶ 16, Ex. 4).  Plaintiff claims that she called BANA between September and November

15  2010 concerning the Partial Claim, but was told at an unknown time by unknown individuals that

16  it was "not completed she did not qualify for the Partial Claim."  (Compl. ¶ 18).

17       On September 10, 2012, the trustee ReconTrust recorded a Notice of Default in Tulare

18  County.  (RJN **Ex. D [Notice of Default]**).  The Notice of Default indicates that Plaintiff and her

19  husband were $61,330.36 in arrears as of September 7, 2012. (RJN, **Ex. D**.)  No trustee sale date

20  was ever set and Plaintiff does not allege that she faced a trustee's sale at any point.  (*See* Compl.

21  generally).

22       Plaintiff received a permanent Loan Modification in April 2014, which she executed and

23  accepted on April 3, 2014 and which was recorded in the Official Records of the County of Tulare

24  on April 25, 2014.  (RJN, Ex. A).  The Loan Modification states on its face that it is effective as of

25  September 1, 2013.  (RJN Ex. A at p. 3, Section 3.A).  The Loan Modification amortized

26  $272,110.38 of Plaintiff's principal balance over 40 years subject to an interest rate of 2% until

27  2018 with monthly total payments of $1,341.66 which are significantly less than Plaintiff would

28  have paid under the Partial Claim.  Thereafter, the rate increases to 3% for one year, and then for

1  the remaining life of the loan the rate is capped at 3.375%.  (RJN, Ex. A at p. 5).  Additionally, the

2  Loan Modification defers $50,000 of Plaintiff's principal balance, accruing no interest and

3  requiring no monthly payment during the life of the loan.  Finally, the Loan Modification forgives

4  $25,000 of Plaintiff's principal balance. (RJN Ex. A, at p. 5).  By executing the Loan

5  Modification, Plaintiff agreed that "this agreement supersedes the terms of any modification,

6  forbearance, trial period plan, or loan workout plan that I previously entered into with Lender."

7  (RJN Ex. A, at p. 7, Section 4.B).

8  **IV.     THE COMPLAINT IS GLOBALLY DEFECTIVE**

9       **A.      The Complaint Must Be Dismissed for Failure to Include an Indispensable**

10              **Party.**

11       Federal Rule of Civil Procedure 19 deals with "joinder of persons needed for just

12  adjudication."  FRCP 19(a) requires joinder of persons traditionally denominated as "necessary";

13  FRCP 19(b) requires joinder of those traditionally denominated as "indispensable," which must

14  meet a higher standard than "necessary."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC*

15  *Corp.,* 464 F3d 885, 891(9th Cir. 2006).  "Necessary" refers to a party who should be joined *if*

16  *feasible*.  "Indispensable" refers to a party whose participation is so important to resolution of the

17  case that, if not joined, the suit must be dismissed.  *Disabled Rights Action Committee v. Las*

18  *Vegas Events, Inc.*, 375 F3d 861, 867, fn. 5 (9th Cir. 2004); *Brown v. Pacific Life Ins. Co*., 462

19  F3d 384, 393–394 (5th Cir. 2006) (noting that Rule 19 inquiry is "highly practical" and "fact-

20  based").

21       Whether an absent party is indispensable is a "pragmatic and equitable judgment, not a

22  jurisdictional one."  *Gonzalez v. Metropolitan Transp. Authority,* 174 F3d 1016, 1019 (9th Cir.

23  1999); *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011).  A party is

24  "indispensable" where an action should not proceed ("in equity and good conscience") in the

25  party's absence.  Under such circumstances, if joinder is not feasible, the action must be dismissed.

26  *Republic of Philippines v. Pimentel*, 553 US 851, 856  (2008).

27       Here, the Partial Claim and Partial Claim Deed of Trust identifies "Brent L. Dowling and

28  Brenda D. Dowling" as trustors.  (*See* Compl. Exhs. 1, 3.)  Although Plaintiff recorded an

1   Interspousal Grant Deed and a Quit Claim on August 29, 2012 transferring the Property into her

2   name alone and removing Brent Dowling from title, the claims in this action do not arise out of

3   questions concerning title to the Property.  Rather, the main dispute centers on whether Defendant

4   breached the July 2010 Partial Claim to which Brent Dowling was also a party. (*Id.*)  Brent

5   Dowling is an indispensable party as a borrower and co-trustor on the Partial Claim Deed of Trust

6   because he may also have his own claims concerning the alleged breach of the Partial Claim.  Yet

7   he is not a party to this action but his rights under the Partial Claim will be adjudicated in his

8   absence.  If Brent Dowling is not joined, and his interests are not adjudicated in the present suit,

9   Defendant is exposed to the possibility of additional lawsuits on the same matters, and potentially

10  inconsistent outcomes.   Therefore, this action should not be allowed to proceed in Brent

11  Dowling's absence.  For this reason alone, Defendant's Motion to Dismiss must be sustained.

12         **B.        The Complaint Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A).**

13         Plaintiff's claims are governed by Fed. R. Civ. P. 8 ("Rule 8") which requires a complaint

14  to allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S.

15  at 555.  Plaintiff must plead sufficient facts "to provide the 'grounds' of [her] entitle[ment] to

16  relief, [which] requires more than labels and conclusions, and [for which] a formulaic recitation of

17  the elements of a cause of action will not do."  *Id*.  A pleading must contain "[a] short and plain

18  statement of the claim showing that the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a).  A

19  complaint may be dismissed under Rule 8 where it fails to "raise a right to relief above a

20  speculative level" and "must not be "so vague or ambiguous that a party cannot reasonably be

21  expected to frame a responsive pleading."  *Id*. at 555.  The "short and plain statement of the

22  claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include

23  enough factual allegations to render the claim plausible.  *Iqbal,* 129 S.Ct. at 1950.  Such factual

24  allegations must provide enough information for "the court to draw the reasonable inference that

25  the defendant[s are] liable for the misconduct alleged."  *Id.* at 1149.

26         Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts

27  underlying the multitude of claims, including which claims are asserted against which Defendants

28  and for what reasons."  *McNeil v. Home Budget Loans* 2010 U.S. Dist. LEXIS 58111 (C.D. Cal.

1    2010).

2           The Complaint in the instant action is uncertain because Plaintiff fails to provide

3    Defendant with fair notice of the claims alleged against it where Plaintiff fails to identify the

4    nature of Defendant's alleged breach of the Partial Claim or allege any damages arising from

5    Defendant's failure to "tender performance."  Plaintiff makes no effort to identify the specific

6    provisions of the alleged agreement, or any of its terms and conditions, or the duties and

7    obligations of the parties that she claims was breached before she admits the Partial Claim was

8    "not completed" because Plaintiff did not qualify.  (*See* Compl. ¶ 18).  To assert a claim for breach

9    of contract, Plaintiff must allege: (1) the existence of the contract, (2) plaintiff's performance or

10   excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.

11   *Reichert v. General Ins. Co.,* 68 Cal.2d. 822, 830 (1968).  The facts of the breach must be pleaded

12   with sufficient detail to give a defendant fair notice and to make the breach of contract claims

13   plausible.  *See, e.g.Levy v. State Farm Mut. Auto Ins. Co.,* 150 Cal.App.4th 1 (2007); *Golden*

14   *Eagle Refinery Co., Inc. v. Associated Intern. Ins. Co.,* 85 Cal.App.4th 1300, 1316 (2001) ("It is

15   essential to establish a *causal connection* between the breach and the damages sought.

16   [Citations.]" quoting 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 814, italics

17   added.))   Under federal pleading standards, Plaintiff must provide a short and plain statement of

18   the claim, "'not an exposition of his legal argument," but sufficient facts to give defendant "'fair

19   notice of the basis" of plaintiffs' claims. *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 899 (9th

20   Cir.2013), *pet. for cert. filed,* —– U.S. —–, 82 U.S.L.W. (Feb. 6, 2014) (quoting *Skinner v.*

21   *Switzer,* —– U.S. —–, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011) and *Swirkiewicz v. Sorema*

22   *N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see Barocio v. Bank of America,*

23   *N.A.,* No. C 11–5636 SBA, 2012 WL 3945535, at *9 (N.D.Cal. Sep.10, 2012).

24          Here, Plaintiff alleges that Defendant breached the Partial Claim but fails to provide any

25   supporting detail at all sufficient to provide Defendant with notice of the allegations against it in

26   this action. Plaintiff's only allegation of wrong doing is that "Defendants [sic] have failed to

27   tender performance under the terms of the Partial Claim and Agreement …."  (Compl.¶ 56).

28   Plaintiff never addresses the alleged "failure to tender performance" or explains what the phrase

7

means in the context of the alleged facts of this case.  The Complaint contains no other averments concerning the manner in which Defendant allegedly breached the Partial Claim, the provision that was allegedly breached, or the obligations under the Partial Claim that went unfulfilled.  Further, Plaintiff provides no details concerning her damages allegedly suffered from the breach other than to claim "monetary loss" due to amounts she paid as obligated under the Partial Claim Note, even though the amount paid totaled far less than the amount financed through the Partial Claim. (Compl. ¶ 57).  Plaintiff also claims that she was damaged because she got divorced due to BANA's alleged failure to "tender performance" on the Partial Claim, and due to an "inability to secure a modification."  The fact of Plaintiff's divorce some three years after the Partial Claim was offered (*see* Compl. ¶¶ 12, 19), has no alleged credible relationship to the Partial Claim and is not in any way described or detailed in the Complaint by Plaintiff, and as such is a conclusory allegation without any connection to the conduct alleged in the Complaint.  Furthermore, as is clearly evident from the recorded documents, Plaintiff's allegation of damage is far fetched given that she received a Loan Modification the terms of which were far more favorable because it modifies the entire Loan significantly lowering Plaintiff's interest rate and forgiving principal balance.  (RJN Ex. A).  Without these pieces – details concerning the nature of the breach and credible, actual damages suffered due to any such breach of an agreement between the parties -- Plaintiff does not "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

As Plaintiff's allegations fail Rule 8's basic requirements and do not permit Defendant to assert defenses to Plaintiff's allegations of the parties' respective performance under a contract or Plaintiff's resulting damages, the Complaint should be dismissed.

**V.    PLAINTIFF'S INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW**

    **C.    Plaintiff Fails to State a Cause of Action for Breach of Contract.  (COA 1)**

        **1.    Plaintiff offers no details concerning the alleged breach of contract claim.**

Plaintiff claims that BANA breached the terms of a Partial Claim.  (Compl. ¶ 56.)  As noted above, a claim for breach of contract contains four elements that Plaintiff must allege:

(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance,

1   (3) defendant's breach, and (4) the resulting damages to the plaintiff.  *Reichert v. General Ins. Co.,*

2   68 Cal.2d at 830.  Crucial to the success of the pleading in this case, Plaintiff must plead sufficient

3   facts to put Defendant on notice of the claims being alleged against it.  *Levy v. State Farm Mut.*

4   *Auto Ins. Co.,* 150 Cal.App.4th at 1; *Golden Eagle Refinery Co., Inc. v. Associated Intern. Ins.*

5   *Co.,* 85 Cal.App.4th at 1316; *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 899 (9th Cir.2013),

6   *pet. for cert. filed,* ―― U.S. ――, 82 U.S.L.W. (Feb. 6, 2014) (quoting *Skinner v. Switzer,* ――

7   U.S. ――, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011) and *Swirkiewicz v. Sorema N.A.,* 534

8   U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see Barocio v. Bank of America, N.A.,* No. C

9   11–5636 SBA, 2012 WL 3945535, at *9 (N.D.Cal. Sep.10, 2012).

10          Plaintiff fails to identify the nature of Defendant's alleged breach of the Partial Claim.

11   Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be

12   pleaded with sufficient information to put Defendant on notice of the alleged wrongdoing.  *See*

13   *generally* 4 Witkin, Cal. Procedure (4th ed. 1996) Pleading, § 4495, pp. 585–586; *Bentley v.*

14   *Mountain,* 51 Cal.App.2d 95, 98 (1942) (general averments that defendants violated contract

15   insufficient; pleader must allege facts demonstrating breach); *Thompson v. Purdy,* 117 Cal.App.

16   565, 567 (1931) (general averments that defendant failed to perform duties or comply with

17   contract insufficient);  *Swierkiewicz v. Sorema N.A.,* 534 U.S. at 512 (quoting *Conley v. Gibson,*

18   355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Twombly,* 550 U.S. at 555 (claim must contain

19   "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

20   action."  A claim complies with Federal Rule of Civil Procedure 8(a)(2) only when the claim is

21   stated with sufficient particularity to " 'give the defendant fair notice of what the ... claim is and

22   the grounds upon which it rests.' "

23          Here, Plaintiff makes no effort to identify the specific provisions of the Partial Claim, or

24   any of its terms and conditions, or the duties and obligations of the parties that she claims was

25   breached.  She asserts only the conclusory and vaguely pled assertion that Defendant "failed to

26   tender performance," but she offers no explanation of what that means.  She fails to allege that she

27   fulfilled all obligations under the agreement, and admits that her three payments only totaled a

28   fraction of the total arrears financed.  (Compl. ¶¶ 12, 14).  She offers no explanation as to why she

9

only made three payments that totaled less than the amount financed.  She offers no explanation for why the Partial Claim was not completed, or if the cancelation is the basis for the breach of contract claim.  Instead, the Complaint contains only the bare assertion that Defendant "failed to tender performance" and that somehow the agreement was breached.  Such allegations are insufficient to state a claim for breach of contract.

### 2.      Plaintiff has failed to allege resulting damages.

Plaintiff's breach of contract also fails because she alleges no facts indicating that the purported breach of the Partial Claim directly caused her asserted damages.  *See Reichert v. General Ins. Co*. (1968) 68 Cal.2d. 822, 830.  Causation of damages in contract cases requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain.  *See Haley v. Casa Del Rey Homeowners Assn*. (2007) 153 Cal.App.4th 863, 871.  In a breach of contract action, "the measure of damages, ... is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."  *Cal. Civ. Code*, § 3300.  Damages must be 'foreseeable' to be recoverable for breach of contract.  The seminal case announcing this doctrine is *Hadley v. Baxendale,* 156 Eng.Rep. 145 (1854).  General damages are ordinarily confined to those which would naturally arise from the breach, or which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach.  Additionally, if special circumstances caused some unusual injury, special damages are not recoverable therefor unless the circumstances were known or should have been known to the breaching party at the time he entered into the contract."  *Brandon & Tibbs v. George Kevorkian Accountancy Corp.,* 226 Cal.App.3d 442, 455–456 (1990); *Resort Video, Ltd. v. Laser Video, Inc.*, 35 Cal.App.4th 1679, 1696-1697 (1995).

Here, Plaintiff fails to state a claim for damages suffered as a result of the alleged breach of the Partial Claim because the damages she asserts are in no way a foreseeable consequence related to the Partial Claim agreement.  Plaintiff's divorce several years after the Partial Claim is not a foreseeable consequence of HUD's agreement to offer Plaintiff an interest-free loan to cover her mortgage loan arrears of $15,064.12.  Additionally, Plaintiff's claim that she was unable to obtain

10

1  a modification due to the alleged breach of the Partial Claim is nonsensical in the context of the

2  recorded Loan Modification offered in April 2014.  (RJN Ex. A).  Plaintiff further claims that she

3  suffered "monetary loss" due to the payments she made in August, September and October 2010.

4  Plaintiff never fully explains in the Complaint why she made three payments that totaled far less

5  than the amount financed in the Partial Claim.  Nor does she offer any explanation for why she

6  made more than the first payment that was called for by the terms of the Partial Claim Note and

7  other commitment letters.  (Compl. Ex. 1).  The Complaint in fact offers very little detail about the

8  Partial Claim, how it is different than an agreement that would have modified the entire Loan, or

9  whether simultaneous to the Partial Claim Plaintiff still maintained an obligation to pay under the

10 original Note and Deed of Trust.  Plaintiff admits the Partial Claim was not completed at some

11 point between September and November 2010, but never explains why Plaintiff made the three

12 payments or how the payments fulfilled Plaintiff's obligations under the Partial Claim.  For

13 purposes of this motion, however, Plaintiff fails to allege any injury resulting from the alleged

14 "failure to tender performance" under the Partial Claim because Plaintiff was already obligated to

15 make payments on her Loan and cannot complain that payments she made toward arrears due to

16 her own default on the Loan constitute damages suffered due to breach of contract.

17      Accordingly, the breach of contract claim fails.  Therefore, Defendant's motion to dismiss

18 the cause of action for breach of contract should be sustained as the cause of action fails as a

19 matter of law.

20      **D.      Plaintiff Fails to State a Claim for Conversion.  (COA 2)**

21      Plaintiff has failed to state a claim for conversion of the payments made to BANA

22 allegedly under the terms of the Partial Claim.  "The elements of a conversion are the plaintiff's

23 ownership or right to possession of the property at the time of the conversion; the defendant's

24 conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins.*

25 *Exchange v. Zerin*, 53 Cal.App.4th 445, 451 (1997).  However, no claim for conversion will lie

26 where the right to payment is a mere contractual one.  *Imperial Valley Co. v. Globe Grain and*

27 *Milling Co.*, 187 Cal. 352, 354, 202 P. 129 (1921).  In *Imperial Valley*, the parties entered into an

28 agreement whereby the landlord of real property would permit the tenant to raise cotton on the

1   property in exchange for one quarter of the crop as a rental fee.  However, the tenant sold the

2   entire crop and used the proceeds to pay other debts of the tenant.  The landlord brought an action

3   for conversion, but the California Supreme Court concluded that no claim was stated because the

4   rental agreement established no title to or lien upon the crop but only established the measure of

5   damages for breach of contract.  *Id*. at 353-54.  Similarly in this case, Plaintiff's claim against

6   Defendant arises under the terms of the Partial Claim, and does not give rise to the independent

7   tort of conversion.  Thus, Plaintiff's claim for conversion should be dismissed.

8   **E.     Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.**

9   **(COA 3)**

10   In order to state a claim for intentional infliction of emotional distress ("IIED"), Plaintiff

11   must successfully allege:  1) outrageous conduct by the Defendants; 2) an intention to cause, or

12   reckless disregard of the probability of causing, emotional distress; 3) severe emotional distress;

13   and 4) actual and proximate causation of the emotional stress.  *See Wong v. Tai Jing* (2010) 189

14   Cal.App.4th 1354, 1376.  To be outrageous the conduct must be so extreme as to "exceed all

15   bounds of that usually tolerated in a civilized community."  *Christensen v. Superior Court,* 54 Cal.

16   3d 868, 903 (1991).

17   As an initial matter, Plaintiff has not identified any of Defendant's representatives who

18   allegedly engaged in any outrageous conduct or shown that Defendant's' conduct is the actual or

19   proximate cause of her distress.  (Compl. ¶ 67).  Likewise, Plaintiff fails to specify any outrageous

20   conduct in her general pleadings but instead generically asserts that Defendant engaged in

21   "outrageous" conduct that inflicted emotional distress.  (Compl. ¶ 68).  Plaintiff appears to base

22   this cause of action on two separate themes – one that she suffered severe emotional distress

23   during the loan modification review process, and two that emotional distress resulted from the

24   breach of the Partial Claim.

25   Despite the fact that her Loan was permanently modified in April 2014, RJN Ex. A,

26   Plaintiff claims that the modification process and the threat of losing her property to foreclosure

27   was the outrageous conduct that caused her distress.  However, the concerns that might follow

28   from defaulting on one's mortgage are not attributable to any purported wrongful conduct imputed

to Defendant as Plaintiff admitted defaulting on her loan.  (Compl. ¶¶ 9, 12).  Likewise, on similar allegations, the Ninth Circuit recently held that plaintiffs had not stated a claim for intentional infliction of emotional distress because such conduct "is not so outrageous as to go beyond all possible bounds of decency." *Cervantes v. Countrywide Home Loans, Inc.* (9th Cir. 2011) 2011 U.S. App. LEXIS 1856, at *27.

Plaintiff's IIED claim asserts that Plaintiff suffered severe emotional damages as a result of Defendant's loan modification process and the Partial Claim Agreement.  Even assuming she can establish that Defendants' alleged conduct proximately caused her emotional distress, Plaintiff's damages are vague and uncertain, and on that basis the claim must fail.

Finally, "the assertion of an economic interest in good faith is privileged, even if it causes emotional distress." *Ross v. Creel Printing & Publ'g Co., Inc.* (2002) 100 Cal.App.4th 736, 745, n.4.  Here, seeking to foreclose on a Deed of Trust when one has the right to do so (given Plaintiff's admitted default on her loan – Compl. ¶¶ 9, 12) does not constitute outrageous conduct.  Under any theory, Plaintiff's IIED claim fails as a matter of law and Defendant's motion to dismiss this cause of action must be granted without leave to amend.

**F.      Plaintiff Fails to State a Claim for Violations of the Fair Debt Collection Practices Act.  (COA 4 and 5)**

Plaintiff asserts two causes of action under the Fair Debt Collection Practices Act ("FDCPA").  The first is asserted under 15 U.S. C. § 1962e(2)(A) and claims that Defendant "falsely represented the debt on Plaintiff's home mortgage loan," (Compl. ¶ 74), and the second is asserted under 15 U.S. C. § 1962d(5) and claims that Defendant used the telephone to repeatedly call and harass Plaintiff.  (Compl. ¶ 77).  Plaintiff fails to state facts sufficient to state a cause of action under either of these sections.

Plaintiff's claims presume that Defendants are "debt collectors" in order to claim a violation of the Federal Debt Collection Act.  Defendant is not a "debt collector" within the meaning of the FDCPA.  *Connors v. Home Loan Corp.* (S.D. Cal. 2009) 2009 WL 1615989, at *5 ("The 'activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the' FDCPA or the R-FDCPA."); *Williams v. Countrywide Home Loans, Inc.* (S.D.

Tex. 2007) 504 F. Supp. 2d 176, 190.  "[T]he law is well settled. . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."  *Scott v. Wells Fargo Home Mortg., Inc.* (2003) 326 F. Supp. 2d 709, 718; 15 U.S.C. § 1692a(6).  As such, Plaintiff's fourth and fifth causes of action fail and this motion to dismiss should be granted without leave to amend.

**A.  Plaintiffs Fail to State a Claim for Violation of Cal. Civil Code Section 2923.7.  (COA 6).**

Plaintiff attempts to raise an argument under the California Homeowner Bill of Rights "single point of contact" requirement in *Cal. Civil Code* § 2923.7(a).  The relevant portion of the Statute provides:

> **§ 2923.7. (First of two) Responsibilities of single point of contact; Applicability**
>
> **(a)** Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.

But Plaintiff fails entirely to allege how or even if Defendant has violated this section. Plaintiff merely asserts the statute in paragraph 80 of the Complaint, and then in paragraph 81 asserts a right to statutory damages.  Plaintiff therefore entirely fails to state any facts that would support her allegations, to the extent there are any, under Section 2923.7.

Even assuming Plaintiff meant to allege that Defendant has violated section 2923.7 by not appointing a single point of contact, her allegations would be directly contradicted by the letters she attaches to the Complaint.  Plaintiff attaches to the Complaint at Exhibit 5 a series of letters dated 2011-2013 in which various BANA employees reached out to Plaintiff and her husband to introduce themselves as Plaintiff's customer relationship managers.  Plaintiff attaches no letters in which BANA informs her that it will not be assigning personnel to oversee the servicing of her Loan during the modification review process.  (*See* Compl. generally).

Regardless of the number of individuals who introduced themselves to Plaintiff as her relationship manager, the Statute does not require that only one individual ever be assigned to a borrower's loan.  Instead, the Statute recognizes that at times a team of individuals will be

1  sufficient to provide the contact necessary to answer the borrowers' questions:

2         **(e)** For purposes of this section, "single point of contact" means an individual or
3  team of personnel each of whom has the ability and authority to perform the
       responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall
4  ensure that each member of the team is knowledgeable about the borrower's situation and
       current status in the alternatives to foreclosure process.

5

6       Based on this statutory language, it is clear that the "single point of contact" requirement

7  does not require that one single individual remain the lone contact between a borrower and her

8  lender or servicer.  Instead a "team of personnel" also fulfills the requirements of the Statute.

9  Therefore the alleged Statutory violation based on section 2923.7(a) fails and the Court should

10  sustain this motion to dismiss without leave to amend.

11      **B.**     **Plaintiff Fails to State a Claim under Cal. Bus. & Prof. Code Section 17200.**

12          **(COA 7)**

13         **1.**     **Plaintiff Lacks Standing to Pursue a UCL Claim.**

14       Plaintiff has premised their Unfair Competition – Bus. & Prof. Code § 17200 ("UCL")

15  claim on the same deficient arguments brought forth in the Complaint. (*See* Compl. ¶¶ 83-88).

16  However, Plaintiff lacks standing to bring a claim under the UCL because she has not alleged any

17  facts indicating that she suffered any injury as a result of unfair competition.  To establish

18  standing, a private plaintiff must allege that she "has suffered injury in fact and has lost money or

19  property" as a result of the alleged unfair practices. *See* Bus. & Prof. Code §17204.  In the instant

20  matter, Plaintiff alleges a boilerplate final sentence, complete with a misidentified Defendant,

21  asserting simply that as a result of "Defendant Ostrow School of Dentistry's" unlawful conduct

22  Plaintiff has suffered "injury in fact."  (Compl. ¶ 88).  But Plaintiff does not itemize any monetary

23  losses and does not and cannot allege that she has lost any property because she does not claim

24  that the Subject Property has been sold.  Therefore, Plaintiff lacks standing to bring a UCL claim.

25         **2.**     **Plaintiff's UCL Claim Fails.**

26       The UCL establishes three separate varieties of unfair competition: acts or practices which

27  are (1) unlawful, or (2) unfair or (3) fraudulent.  *See Cal-Tech Commc'ns., Inc. v. L.A. Cellular*

28  *Tel. Co.*, 20 Cal.4th 163, 180  (1999).  In proscribing unlawful business practices, the UCL

1  "borrows" violations of other laws and treats them as unlawful practices.  *See Durell v. Sharp*

2  *Healthcare*, 183 Cal.App.4th 1350, 1361 (2010).  Thus, "unlawful" practices are practices

3  "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or

4  court-made."  *See Saunders v. Sup. Ct.*, 27 Cal.App.4th 832, 838-39 (1994).  To state a cause of

5  action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts

6  sufficient to show a violation of some underlying law.  *See People v. McKale*, 25 Cal. 3d 626, 635

7  (1979); *Lazar v. Hertz Corp.,* 69 Cal.App.4th 1494, 1505 (1999) ("In effect, the UCL borrows

8  violations of other laws…and makes those unlawful practices actionable under the UCL.");

9  *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal.App.4th 1544, 1554 (2007).  Thus, a UCL claim

10  stands or falls depending on the fate of antecedent substantive causes of action.  *See Krantz v. BT*

11  *Visual Images*, 89 Cal.App.4th 164, 178 (2001).

12        A business act or practice is "unfair" when the conduct "offends an established public

13  policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially

14  injurious to consumers."  *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal.App.4th

15  861, 886-87 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a

16  plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by

17  the conduct outweighs any benefits that the conduct may have.  *See Motors, Inc. v. Times Mirror*

18  *Co.*, 102 Cal.App.3d 735, 740 (1980).  When "determining whether the challenged conduct is

19  unfair within the meaning of unfair competition law…courts may not apply purely subjective

20  notions of fairness."  *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 941 (2003).  Rather,

21  such a claim requires a plaintiff to tether its allegation to a constitutional or statutory provision or

22  regulation carrying out such a statutory policy.  *See Ferrington v. McAfee, Inc*., 2010 U.S. Dist.

23  LEXIS 106600, *11-13 (N.D. Cal. 2010) (citing *Lozano v. AT&T Wireless Servs.,* 504 F.3d 718

24  (9th Cir. 2007) (discussing the use of the tethering test in California courts and the Ninth Circuit).

25  A plaintiff alleging unfair business practices under the UCL "must state with reasonable

26  particularity the facts supporting the statutory elements of the violation."  *See Khoury v. Maly's of*

27  *Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

28        A claim for fraudulent business acts under the UCL is distinct from a common law fraud

1   claim.  Under the UCL, a plaintiff need not show reliance in order to state a claim for fraudulent

2   business acts.  *See Klein v. Earth Elements*, 59 Cal.App.4th 965, 970 (1997).  A plaintiff need only

3   allege that the public is likely to be deceived by the alleged business acts.  *See id*. However, all

4   claims alleging fraudulent business practices under the UCL are subject to the heightened pleading

5   standard of Rule 9(b).  *See Carson v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 12800, *25.

6          In the instant matter, Plaintiff fails to allege that Defendant engaged in business practices

7   that were unfair, unlawful and/or fraudulent.  Rather, Plaintiff simply reasserts her claim that

8   Defendant breached the Partial Claim, converting money and failing to respond "in good faith" to

9   Plaintiff's claim for assistance.  (Compl. ¶ 83).  The pleadings are insufficient to establish a cause

10  of action for any of the three varieties of unfair competition.  First, Plaintiff fails to plead facts

11  sufficient to establish that Defendant has violated any law and thus engaged in unlawful business

12  acts.  Although Plaintiff lists the other some of the causes of action in the Complaint, none of

13  these claims provide the basis for any alleged wrongful conduct.  *See supra*.  Accordingly,

14  Plaintiff's claim for unlawful business practices must also fail.

15         Second, Plaintiff has not met the heightened pleading requirements of Rule 9(b), and thus

16  fails to state a claim for fraudulent business practice.  A properly pled fraud claim requires

17  allegations of (1) a representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and

18  (5) reliance and resulting damage (causation).  *See Warren v. Merrill* 143 Cal.App.4th 96, 110

19  (2006); *Oakland Raiders v. Oakland-Alameda Co. Coliseum*  144 Cal.App.4th 1175, 1184 (2006).

20  Similarly, the negligent misrepresentation claim is a species of fraud requiring Plaintiff to further

21  allege that Defendant lacked any reasonable ground for believing the statement to be true.  *See*

22  *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1254 (2009); *Cal. Civ. Code* § 1710(2).

23  Circumstances constituting fraud-based claims must be stated "with particularity." *See* Fed. R.

24  Civ. P. 9(b) ("Rule 9(b)"); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000);

25  *Wayne Merritt Motor Co. v. N.H. Ins. Co.*, 2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012)

26  ("Courts in the Ninth Circuit have held that claims for both fraud and negligent misrepresentation

27  are subject to Rule 9(b)").  "[I]n a fraud action against a corporation [Plaintiff is required] to allege

28  the names of the persons who made the allegedly fraudulent representations, *their authority to*

*speak*, to whom they spoke, what they said or wrote and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (emph. added). Allegations of fraud must be specific enough to give Defendants notice of the particular misconduct so that they can defend against the charges and not simply deny that they have done anything wrong. *See Lazar v. Super. Ct.*, 12 Cal.4th 631, 645 (1996).

Here, Plaintiff fails to allege any of the "who, what, when, where, and how" of any alleged misrepresentation. Rather, the Complaint merely alleges that on or around July 2010 Plaintiff entered into a Partial Claim under which Defendant failed to "tender performance." (*See* Compl. ¶ 56). Plaintiff fails to plead any detail concerning her own performance under the agreement or how and what provisions Defendant is alleged to have breached. (*See* generally Compl.) Plaintiff also admits that she only made three payments on her arrears of $15,064.12, although she acknowledges that the Partial Claim was "not completed." (Compl. ¶ 18). Additionally, Plaintiff got the permanent modification she sought in April 2014, and fails to explain how she suffered damages allegedly due to Defendant's failure to review her in "good faith" if she received a modification that was recorded on April 25, 2014. (*See* Compl. ¶ 83). These allegations are insufficient to meet Plaintiffs' burden of pleading fraud-based claims with specificity under the UCL. *See Harris v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, 32-33 (N.D. Cal. 2013); *see also Perlas v. GMAC Mortgage LLC*, 187 Cal.App.4th 429, 434 (2010).

Accordingly, Plaintiffs' UCL claim fails and should be dismissed with prejudice based on the facts alleged.

**VI.   LEAVE TO AMEND SHOULD NOT BE GRANTED**

Plaintiff's claims are factually and legally deficient to state any cause of action. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Any amendment would be "futile" because Plaintiff cannot allege any facts that would constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's claims are grounded in a fundamentally flawed theory that Defendant failed to honor a Partial Claim Agreement. But Plaintiff has failed to plead any details concerning how Defendant allegedly failed to "tender performance" under such agreement, and

18

1   she has failed to allege that she suffered any damages.  Any claim she might make that she was

2   damaged is overshadowed by the fact that the Loan has been permanently modified under terms

3   more favorable than the Partial Claim she alleges would have cured her arrears and reinstated the

4   Loan.  As demonstrated throughout this motion, no set of facts could rehabilitate Plaintiff's faulty

5   legal theories.  Accordingly, Defendant respectfully requests that its Motion to Dismiss be granted

6   with prejudice.

7   **VII.    CONCLUSION**

8       For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's

9   Motion to Dismiss without leave to amend.

10

11   DATED: August 5, 2014                Respectfully submitted,

12                                        MCGUIREWOODS LLP

13

14

15   By:    _____*/s/ Alison V. Lippa*_____
                 Alison V. Lippa
16           Attorneys for Defendant
             BANK OF AMERICA, N.A., for itself and as
17           successor in interest to BAC HOME LOANS
             SERVICING LP (erroneously sued as Bank of
18           America, National Association, aka Bank of
             America, N,A.; aka Bank of America; and BAC
19           Home Loans Servicing aka Bank of America
             Home Loans)
20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
12(B)(6)

## <u>CERTIFICATE OF SERVICE</u>

I, Alison V. Lippa, certify that on August 5, 2014, the foregoing document entitled **DEFENDANT'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

*/s/ Alison V. Lippa*
Alison V. Lippa