# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DOWLING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, et al.<br><br>　　　　Defendants. | No.  1:14-cv-01041-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR RELIEF FROM ENTRY OF DEFAULT<br><br>(ECF Nos. 29, 30, 31, 32)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## BACKGROUND

On July 2, 2014, Plaintiff Brenda Dowling filed this action against Defendants Bank of America, N.A. and BAC Home Loans Servicing. (ECF No. 1.) After Defendants' motion to dismiss was partially granted, Plaintiff filed a first amended complaint on June 25, 2015. (ECF Nos. 24, 25.) On July 27, 2015, Plaintiff sent an e-mail asking if Defendants would be answering the first amended complaint because the answer was overdue. (ECF No. 29-3.) Defendants responded that they would be filing an answer to the first amended complaint. (Id.)

On August 3, 2015, Plaintiff's filed a motion for entry of default and the clerk entered default against the defendants. (ECF Nos. 26, 27 28.) On August 21, 2015, Defendants filed a motion for relief from entry of default and a request for judicial notice. (ECF Nos. 29, 30.)

1

1 Plaintiff filed an opposition on September 23, 2015.  (ECF No. 31.)  Defendant filed a reply on
2 October 1, 2015.  (ECF No. 32.)

3       On February 29, 2016, this action was reassigned to District Judge Dale Drodz and the
4 motion for relief from entry of default was referred to the undersigned.  (ECF Nos. 35, 36.)  Oral
5 argument was held on March 16, 2016.  Counsel John Drooyan appeared late at the hearing for
6 Plaintiff Dowling.  Counsel Alison Lippa appeared telephonically for Defendants.  Having
7 considered the moving, opposition and reply papers, the declarations and exhibits attached
8 thereto, arguments presented at the March 16, 2016 hearing, as well as the Court's file, the Court
9 issues the following findings and recommendations.

## II.

## LEGAL STANDARD

12       Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against
13 whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that
14 failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The court
15 may set aside an entry of default for good cause.  Fed. R. Civ. P. 5(c).

16       In determining if good cause exists to set aside the default, "the court must consider three
17 factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that
18 led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default
19 judgment would prejudice the other party."  U.S. v. Signed Personal Check No. 730 of Yubran S.
20 (Mesle), 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations omitted).  The
21 primary concern in considering a request to set aside default, is whether the defaulting party has
22 a meritorious defense to the action.  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513
23 (9th Cir. 1986).

24       Any of these factors are sufficient by themselves to refuse to set aside default.  Mesle,
25 615 F.3d at 1091.  The test is the same for setting aside default under Rules 55 or 60, however
26 when a party is seeking relief from default prior to the entry of default judgment, the test is more
27 liberally applied.  Id. at 1091 n.1.  While the factors which the court is to consider are
28 "disjunctive," a court may deny relief if any of the three factors applies, and the court's decision

is discretionary." Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111–12 (9th Cir.2011).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances. . . ." Mesle, 615 F.3d at 1091 (quoting Falk v. Allen, 739 F .2d 461, 463 (9th Cir.1984)). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir.1974)).

Judgment by default is a drastic step and is appropriate only in extreme circumstances. Mesle, 615 F.3d at 1089. When applying the factors to be considered, the district court is to keep in mind that such judgments are disfavored and cases should be decided on the merits whenever reasonably possible. United States v. Aguilar, 782 F.3d 1101, 1106 (9th Cir. 2015); Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

## III.

## DISCUSSION

Defendants contend that good cause exists to set aside the default in this action. Plaintiff responds that Defendants cannot meet the factors to be considered in setting aside default, and the Court should deny the motion to set aside entry of default. The Court shall consider whether Defendants' conduct was culpable, if there is a meritorious defense, and the prejudice to Plaintiff if default is set aside.

### A.   Culpable Conduct

Plaintiff argues that Defendants' conduct is culpable since the press of business is not an excuse for the failure to file an answer to the first amended complaint. Defendants contend that at the time that Plaintiff filed the motion for entry of default, Plaintiff was aware that Defendants were preparing an answer and that Defendants did not think that a stipulation for an extension of time was necessary.

A defendant's conduct is considered culpable where he has received actual or constructive notice of the filing of an action and intentionally fails to answer. Mesle, 615 F.3d at

1092. Intentionally in this context "means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.' " Id. (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001)).  Courts typically hold that a defendant's conduct is culpable for when considering the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.  Mesle, 615 F.3d at 1092 (quoting TCI Group Life Ins. Plan, 244 F.3d at 698.  Therefore, "it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." Mesle, 615 F.3d at 1092.

      Here, Defendants had filed a motion to dismiss the complaint and after the first amended complaint was filed had informed Plaintiff that they would be filing an answer to the first amended complaint rather than a motion to dismiss.  (Decl. of Alison V. Lippa ¶ 5, ECF No. 29-2.)  Defendants' answer was due on June 16, 2015, and no answer was filed.  After Plaintiff contacted Defendant regarding no answer being filed, Defendants responded that they would "definitely" be filing an answer.  (ECF No. 29-3.)  Defendants state they relied on the e-mail exchange and the fact that the parties had been in contact on several occasions regarding the filing of the first amended complaint and answer.[1]  Due to the contact between the parties, Defendants thought there was an agreement between the parties as to the filing of the answer and therefore did not feel it was necessary to seek a stipulation to extend time to respond to the complaint.  (ECF No. 29-2 at ¶ 8.)

      While clearly the prudent practice would have been to request a stipulation for an extension of time to file an answer to the first amended complaint rather than ignoring the

---

[1] During oral argument representations were made regarding the communication that occurred between counsel.  Counsel is advised to use care in making representations to the Court.  The Court refers to the representations that are made by counsel in analyzing the merits of the issues presented.  Therefore, counsel should be very careful to ensure that representations made in the case are accurate.

deadline and relying on counsels' "understanding",[2] the failure to do so in this instance would be negligent, rather than conduct consistent with a devious, deliberate, willful, or bad faith failure to respond. Mesle, 615 F.3d at 1092. Further, it is clear that Defendants had been actively defending this action since it was filed, and were in the process of preparing an answer to the first amended complaint at the time that default was entered. Additionally, once default was entered Defendants filed the motion to set default aside within three weeks. In this instance, the Court does not find that the failure to answer was culpable conduct by the Defendants.[3]

### B. Meritorious Defense

Defendants state that they have a meritorious defense for the claims raised in the first amended complaint. Plaintiffs contend that Defendants have not met their burden of demonstrating a meritorious defense because they have not included a declaration asserting facts supporting the defense.

While the party seeking to set aside default must present specific facts that would constitute a defense, the burden on the party seeking to set aside the default is not extraordinarily heavy. Mesle, 615 F.3d at 1095. Plaintiff argues that Defendants have not provided a declaration to support their meritorious defense argument. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." Id. There is no requirement that the memorandum be supported by a declaration in this Circuit.

Defendants have requested that the Court take judicial notice of documents to support their defense. The Court grants the request for judicial notice for purposes of this motion.

---

[2] The deadlines imposed are those imposed by the federal rules which are intended to be adhered to absent further order of the court. The time and effort of the parties and the Court in addressing this particular matter is what can happen when the rules are taken as recommendations. Even without a stipulation and subsequent order on that stipulation, Defendants could have requested an extension which this court would have found good cause to extend for a very limited time.

[3] Plaintiff argues that Defendants have not shown that their conduct was due to mistake, inadvertence, surprise or neglect. However, the standard to set aside entry of default is whether the conduct was culpable. Mesle, 615 F.3d at 1091. While the standard applicable is the same for setting aside default under Rules 55 or 60, when a party is seeking relief from default prior to the entry of default judgment, the test is more liberally applied. Id. at 1091 n.1.

Plaintiff has alleged eight causes of action in the first amended complaint: breach of contract; conversion; infliction of emotional distress; and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1962e(2)(A) and 1962d(5), California Homeowner's Bill of Rights, Cal. Civ. Code §§ 2920 et seq., and California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  In this action, California law applies to the state law claims.  Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

### 1. Breach of Contract

"Under California law, '[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.' " Ehret v. Uber Technologies, Inc., 68 F.Supp.3d 1121, 1139 (N.D. Cal. Sept 17, 2014) (quoting CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).)

Defendants contend that Plaintiff failed to fully perform under the alleged contract. Due to Plaintiff's failure to comply with the terms and conditions stated in the Partial Claim Commitment, Offer of Partial Claim and Agreement ("Offer"), and/or subordinate documents, the offer terminated.  Further, Defendants contend that representations made by Plaintiff pursuant to the partial claim were relied upon by Defendant and were either incomplete or untrue or both.  Plaintiff and her husband failed to comply with the conditions of the agreement executed on July 7, 2010 which required them to report any material change in circumstances and to provide certain information regarding their personal finances.

Defendants' allegations that Plaintiff failed to perform her obligations under the contract are sufficient to raise a meritorious defense to the breach of contract claim.

### 2. Conversion

Plaintiff contends that she made payments that Defendants did not properly credit.  Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  Welco Elecs., Inc. v. Mora, 223 Cal.App.4th 202, 208 (2014), reh'g denied (Feb.

19, 2014).

Defendants contend that according to the agreement of the parties, all funds received from Plaintiff were to be held in a suspense account and if the agreement was cancelled were to be applied to the remaining obligation and not to be refunded to Plaintiff. Since the foreclosure continued, all payments made by Plaintiff were credited to the remaining obligation on the property. Defendants' allegations that the parties agreed that any payments made were to be applied to the obligations on the property are sufficient to raise a meritorious defense to conversion.

### 3. Intentional Infliction of Emotional Distress

Plaintiff claims that Defendants actions including passing her to seventeen different customer service agent over a thirty-two month period, refusal to acknowledge the Partial Claim Agreement or credit payments of $6,288.30 pursuant to the Agreement, and repeatedly misstating the balance owed on the loan caused her to discontinue her attempts at loan modification which resulted in the foreclosure of the loan. (ECF No 25 at ¶¶ 72, 73.) Plaintiff alleges that these cumulative actions were so extreme and outrageous that they rise to the level of intentional infliction of emotional distress.

Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' " Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Simo, 322 F.3d at 622.

Defendants contend that Plaintiff is unable to prove her emotional distress claim because the conduct complained of is not "so extreme as to exceed all bounds of that usually tolerated in

a civilized society." Simo, 322 F.3d at 622. Plaintiff argues that the allegations in the complaint are sufficient to prove that she was subjected to infliction of emotional distress. However, it is not the Court's role at this stage to decide the issue of whether Plaintiff was subjected to intentional infliction of emotional distress.

Plaintiff additionally argues that Defendants cite no facts to support the contention that she was not subjected to infliction of emotional distress. While Plaintiff contends that she suffered adverse effects due to the acts of Defendants, Defendants argue that the conduct described in the complaint does not appear to be "so extreme as to exceed all bounds of that usually tolerated in a civilized society." Simo, 322 F.3d at 622. Plaintiff's failure to state a claim would be a meritorious defense. Aguilar, 782 F.3d 1101, 1108-09. The Court finds that, based upon the allegations in the first amended complaint, Defendants have raised a meritorious defense that the actions alleged in the first amended complaint are insufficient to support the claim of intentional infliction of emotional distress.

4. Fair Debt Collection Practices Act

Two of Plaintiff's causes of action allege violations of the FDCPA. "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." Laugenour v. Northland Group Inc., No. 2:12-cv-02995 GEB DAD PS, 2013 WL 3745727, at *2 (E.D. Cal. July 15, 2013) (citing Moriarity v. Nationstar Mortg., LLC, No. 1:13–cv–0855 AWI SMS, 2013 WL 3354448, at *4 (E.D. Cal. July 3, 2013)).

Defendants contend that they are not debt collectors under the FDCPA. According to Defendants, under the FDCPA they qualify as a mortgage lender and are statutorily exempted from liability under the FDCPA. 15 U.S.C. §1692a(6)(F). "[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709, 718 (E.D. Va.) aff'd sub nom. Scott v. Wells Fargo & Co., 67 F. App'x 238

(4th Cir. 2003). Plaintiff argues that the first amended complaint alleges that Defendants are debt collectors under the FDCPA, however, again at this stage in the litigation, the Court is not to determine whether factual allegations are true, that question is the subject of later litigation. Mesle, 615 F.3d at 1094.

Defendants raise the meritorious defense that they are not debt collectors under the FDCPA.

5. California Homeowner's Bill of Rights

Plaintiff alleges that Defendants violated California's Home Owner's Bill of Rights by failing to establish a single point of contact during the loan modification process. Defendants contend that Plaintiff cannot bring a claim under the Homeowner's Bill of Rights because the property is not her primary residence, the first amended complaint makes no allegations of wrongful conduct after January 1, 2013 the effective date of the statute, and in fact single points of contact were assigned to communicate with Plaintiff after which the loan was modified and she received a principal reduction.

While Plaintiff contends that the first amended complaint alleges that the property was foreclosed on in 2014, the conduct which would require a single point of contact during the loan modification process occurred well prior to the actual foreclosure on the property. Further, Defendants also raise the defense that Plaintiff cannot bring a claim under the Homeowner's Bill of Rights where the property is not her primary residence and that they did assign a single point of contact during the loan modification process.

Defendants have raised a meritorious defense to Plaintiff's claims under the Homeowner's Bill of Rights.

6. California Unfair Competition Law

Plaintiff also alleges that the acts complained of in the complaint violate the UCL. Defendants respond that for the reasons previously stated they were justified in foreclosing on the property and applying Plaintiff's payments to the remaining obligation on the property.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal Bus. & Prof. Code § 17200. "An act

can be alleged to violate any or all three of the prongs of the UCL—unlawful, unfair, or fraudulent." Stearns v. Select Comfort Retail Corp., 763 F.Supp.2d 1128, 1149 (N.D. Cal. 2010) (quoting Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007)).

"For an action based upon an allegedly unlawful business practice, the UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.' " Stearns, 763 F.Supp.2d at 1150 (citation omitted); see also Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal.App.4th 700, 718-19 (2001) ("An 'unlawful' business activity includes 'anything that can properly be called a business practice and that at the same time is forbidden by law.").

For the reasons stated in addressing the additional causes of actions raised in the first amended complaint, Defendants have a meritorious defense to the UCL claim.

**C.  Prejudice**

The parties disagree regarding whether Plaintiff would be prejudiced by setting aside default. Plaintiff argues that she would be prejudiced because conduct on which the foreclosure was based began in 2010 and the delay in discovery increases the likelihood that witnesses will be unavailable or unable to testify competently.

To be prejudicial, the setting aside of the judgment must do more harm than merely delaying the resolution of the case or requiring the plaintiff to litigate the action on the merits. Mesle, 615 F.3d at 1095; TCI Grp. Life Ins. Plan, 244 F.3d at 701. The standard is whether the non-movant's ability to pursue her claim will be hindered. FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp., 612 F.Supp.2d 1080, 1084 (D. Ariz. 2009) (quoting TCI Group Life Ins. Plan, 244 F.3d at 701).

While Plaintiff argues that the delay could cause witnesses to be unavailable or unable to competently testify in this action, the Court notes that the answer to the complaint was due on June 16, 2015, and Defendants filed their motion to set aside default approximately two months later on August 21, 2015. Although some time has passed since the motion was filed, this delay was not due to Defendants, but was due to the court taking the matter under submission and the reassignment of the action. The action was filed less than two years ago and the slight delay due

to the failure to answer will not hinder Plaintiff's ability to pursue her claims.  The Court finds that the length of the delay in this action is not sufficient to establish prejudice.

### IV.
### CONCLUSION AND RECOMMENDATION

Upon review of the factors to be considered in deciding whether to set aside default for the failure to file an answer to the complaint, the Court finds that Defendants did not engage in culpable conduct; Defendants have a meritorious defense to the claims raised in this action; and Plaintiff will not be prejudiced if default is set aside.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to set aside default be GRANTED; and
2. Defendants should be ordered to file an answer to the amended complaint.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 16, 2016**

UNITED STATES MAGISTRATE JUDGE