# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DOWLING,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, et al.<br><br>    Defendants. | No. 1:14-cv-01041-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 55) |

Plaintiff Brenda Dowling filed this action on July 2, 2014. (ECF No. 1.) On June 30, 2016, the scheduling order issued establishing deadlines in this action. (ECF No. 50.) On February 28, 2017, Plaintiff filed a motion to compel discovery. (ECF No. 55.)

Plaintiff is advised the the motion to compel does not comply with Local Rule 251. Pursuant to Local Rule 251,

> Except as provided in (e), a hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service. No other documents need be filed at this time. The hearing may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement or an affidavit as set forth below is not filed at least seven (7) days before the scheduled hearing date. If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.

L.R. 251(a).

Subsection (c) provides that, if the parties still are dissatisfied after meeting and conferring they are to file a joint statement, and the Court will only consider the joint statement of the parties in deciding the motion. "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." L.R. 251(a). Plaintiff's motion was not compliant with Rule 251 as she should not have filed a separate memorandum of points and authorities or exhibits in the motion. Therefore, Plaintiff's motion shall be denied as it is procedurally defective.

Alternately, the June 30, 2016 scheduling order established March 28, 2017 as the deadline by which all nonexpert discovery was to be completed in this action. The order provided that:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(Scheduling Order at 3:13-25, ECF No. 50 (emphasis in original).)

Plaintiff's motion to compel is set for oral argument on March 29, 2017, one day after the expiration of the nonexpert discovery deadline in this action. Plaintiff has not sought to extend the discovery deadline. Therefore, Plaintiff's motion could be denied as it is untimely.

///

///

///

///

2

Based on the foregoing, Plaintiff's motion to compel, filed February 28, 2017, is HEREBY DENIED as procedurally defective.

IT IS SO ORDERED.

Dated:  **March 10, 2017**

UNITED STATES MAGISTRATE JUDGE