UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA D. DOWLING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a.k.a. BANK OF AMERICA, N.A.; a.k.a. BANK OF AMERICA; and BAC HOME LOANS SERVICING, a.k.a. BANK OF AMERICA HOME LOANS,<br><br>Defendants. | No. 1:14-cv-01041-DAD-SAB<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND<br><br>(Doc. No. 57) |

On July 2, 2015, plaintiff Brenda Dowling filed a complaint alleging causes of action for: (1) breach of contract; (2) conversion; (3) intentional infliction of emotional distress; (4–5) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq*.; (6) violation of the California Homeowner's Bill of Rights, Cal. Civ. Code § 2919, *et seq*.; and (7) violations of California Business and Professions Code §§ 17200, *et seq*. (Doc. No. 1.) On June 25, 2015, plaintiff filed a first amended complaint asserting the same seven causes of action. (Doc. No. 25.)

On March 27, 2017, on the day before non-expert discovery was to close under the court's scheduling order governing this case, plaintiff sought leave to file a second amended complaint. (Doc. No. 57.) On April 17, 2017, defendant Bank of America, N.A. filed an opposition to the

1

motion. (Doc. No. 62.) On April 25, 2017, plaintiff filed a reply. (Doc. No. 63.) On May 5, 2017, plaintiff's motion for leave to amend came before the court for hearing.[1] (Doc. No. 65.) Attorney John Drooyan appeared telephonically on behalf of plaintiff and attorney Alison Lippa appeared telephonically on behalf of defendant Bank of America, N.A. Following oral argument plaintiff's motion to amend was taken under submission. (*Id.*) For the reasons that follow, plaintiff's belated motion for leave to amend will be denied.

## Background

Plaintiff's claims in this action all relate to the mortgage on her property located at 4040 West Iris Avenue, Visalia, California. (Doc. No. 25 at 3.) In her first amended complaint plaintiff generally alleges that defendants acted improperly in connection with a loan modification process and unlawfully put her home in foreclosure. (*Id.* at 2–18.) On June 30, 2016, the court issued a scheduling order setting the non-dispositive motion deadline as March 28, 2017 and the dispositive motion deadline as April 11, 2017. (Doc. No. 50.) The non-expert discovery deadline was set for March 28, 2017 and the expert discovery deadline was set for April 11, 2017. (*Id.*) The scheduling order noted that:

> The parties do not anticipate any amendments to the pleadings at this time. The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

(*Id.* at 2.) On April 11, 2017, the final day to do so under the scheduling order, defendants filed a motion for partial summary judgment and noticed that motion hearing on May 16, 2017. (Doc. No. 61.) Jury trial is set for August 15, 2017. (Doc. No. 50.)

---

[1] The court continued a mandatory settlement conference scheduled for April 11, 2017 to May 23, 2017 after the parties stipulated to that continuance "to enable the Court to have heard and possibly ruled on Plaintiff's Motion for Leave to file a Second Amended Complaint prior to the mandatory settlement conference." (Doc. Nos. 59; 60.)

2

However, on March 27, 20017, plaintiff filed the present motion for leave to amend to file a second amended complaint alleging additional fraud claims in connection with recordation of the partial claim deed of trust as well as additional conversion claims concerning how her payments were allegedly misapplied. (Doc. Nos. 57–1 at 65–112; 572 at 4–5.) Plaintiff argues that the basis for the proposed amendment is new information first learned at the March 16, 2017 deposition of Jennifer Chatman, the person most knowledgeable for defendant Bank of America, N.A., and through defendants' production of certain documents in discovery that Jennifer Chatman addressed at her deposition. (Doc. No. 57–2 at 4.)

Defendant Bank of America, N.A. opposes plaintiff's motion to amend, arguing that: 1) the motion is tardy and prejudicial to defendant; 2) there are no "new" facts justifying granting of leave to amend; and 3) plaintiff's proposed amendments are futile. (Doc. No. 62 at 7–9.) Specifically, Bank of America, N.A. contends that the "new" facts that plaintiff alleges she learned for the first time at Ms. Chatman's deposition concerning the recordation of the partial claim deed of trust, that HUD failed to fund the partial claim, and the application of principal on plaintiff's payments, are not "new," but instead have been in the public record as well as in plaintiff's own loan file since 2010. (*Id*. at 8.) Bank of America, N.A. also asserts that the proposed fraud and conversion causes of action which plaintiff now seeks to bring based upon alleged wrongdoing from 2009 and 2010 would, in any event, be barred by the applicable three-year statute of limitations. (*Id*. at 9.)

**Analysis**

Obviously, the granting of plaintiff's motion for further leave to amend would require that the pretrial scheduling order also be modified. In this regard, that pretrial scheduling order explicitly provided that ANY amendment of the pleadings after the issuance of that order must "be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule." (Doc. No. 50 at 2.) *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" under Rule 16(b), then if "good cause" is show, the party must demonstrate that amendment is proper under Rule 15). Under

Rule 16(b), "the focus of the inquiry is upon the moving party's reasons for seeking modification" and their diligence in doing so. *Id.* at 607–08, 609. *See also Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007) ("Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party.") (citing *Johnson*, 975 F.2d at 609).

Here, plaintiff's stated reason for seeking leave to amend and a modification of the scheduling order is the discovery of new evidence. Plaintiff, however, has failed to point to any relevant facts that were in fact unavailable to plaintiff and her counsel. Plaintiff alleges she learned for the first time at Ms. Chatman's deposition of an alleged delayed credit to principal on March 3, 2010 of plaintiff's December 2009, January 2010, and February 2010 payments, which plaintiff now wishes to allege constituted an unlawful conversion. (Doc. Nos. 57 at 17–18; 57-1 at 84–85, 95–96.) Plaintiff also alleges that at the same time she learned of a variety of "new" facts regarding the reporting and crediting of specific loan payments. (Doc. No. 57 at 18–20.) However, attached as an exhibit to plaintiff's motion to amend is the payment history on the mortgage provided to plaintiff by Bank of America, N.A. on July 16, 2014. (Doc. No. 57-1 at 251–259.) This payment history has long been available to plaintiff, was provided to her by defendant by at least July 16, 2014, and reflects the very facts that plaintiff now claims were just discovered by her for the first time at the March 16, 2017 deposition of Ms. Chatman. Plaintiff's only explanation is that the payment history was not comprehensible to her or her attorney prior to the Chatman deposition. (Doc. No. 63 at 5.) The court is persuaded that plaintiff was clearly on notice of the facts at issue long before March 16, 2017.

Plaintiff also alleges she learned for the first time at Ms. Chatman's deposition of the recordation of the partial claim deed of trust to HUD by defendants, which plaintiff claims supports her fraud claim. (Doc. Nos. 57 at 18; 57-1 at 90–93.) At deposition, Ms. Chatman actually testified that "[b]ased upon my research, it appears that it was recorded on behalf of Bank of America." (Doc. No. 57-1 at 17.) However, this is information was available to plaintiff when she filed her original complaint in July of 2014. Indeed, the partial claim deed of trust was attached as an exhibit to that complaint. This document includes a notation that it was prepared

4

by "Bank of America Home Loans." (Doc. No. 1-2 at 33.) Plaintiff now argues that before the deed of trust was recorded, defendants did not contact HUD to request payment of $15,064.12. (Doc. No. 57 at 18.) The recorded documents, however, reflect that the partial claim deed of trust was reconveyed on March 10, 2013. (Doc. No. 62-6 at 2.) Plaintiff therefore has known, or at least been on notice, that HUD had not funded the partial claim since at least March 10, 2013.

Finally, plaintiff appears to claim that she just recently learned

> Defendants determined that Plaintiff DOWLING and her husband did not qualify for the PARTIAL CLAIM and AGREEMENT because of a communication from the IRS to Plaintiff DOWLING and her husband that states that Plaintiff and her husband made tax overpayment, and the IRS would be refunding $4,293.62 unless other obligations were owed [Ex. "4"]; and an ABSTRACT OF JUDGMENT – CIVIL AND SMALL CLAIMS in the amount of $5,696.00, for which Plaintiff's husband Brent Dowling is the Judgment Creditor [Ex. "5"].

(Doc. No. 57 at 19.) Plaintiff has not explained how this alleged fact supports any of her proposed new causes of action. Moreover, it is clear that plaintiff was aware since at least July 7, 2010, when she signed a negotiation agreement and partial claim agreement, that the partial claim was conditional upon Bank of America, N.A. conducting a title search and resolving any questions concerning potential liens or encumbrances. (Doc. No. 57-1 at 132.) Plaintiff was also aware, or should have been aware, of a notice from the IRS to her involving payment of past due taxes dated March 1, 2010, and a recorded abstract of judgment against her husband Brent Dowling dated January 18, 2008. (*Id*. at 47–52.) Accordingly, none of these facts can fairly be characterized as recently discovered.

Plaintiff and her counsel simply waited until the end of discovery to conduct the deposition of Ms. Chatman on March 16, 2017. Moreover, the court cannot identify any new facts that were first learned by plaintiff at that deposition that would support a finding of good cause for plaintiff's belated, last-minute motion to amend. Clearly, amendment to the pleadings at this late stage of the litigation would require that an entirely new scheduling order be issued. Under these circumstances, the court cannot conclude that plaintiff was diligent in seeking amendment. Good cause has not been shown. Therefore, plaintiff's motion for leave to amend must be denied.

**Conclusion**

For all of the reasons set forth above, plaintiff's motion for leave to amend (Doc. No. 57) is denied.

IT IS SO ORDERED.

Dated: **May 17, 2017**

　　　　　　　　　　　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE