UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA D. DOWLING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, AKA BANK OF AMERICA, N.A., AKA BANK OF AMERICA; and BAC HOME LOANS SERVICING, AKA BANK OF AMERICA HOME LOANS,<br><br>Defendants. | No. 1:14-cv-01041-DAD-SAB<br><br>TENTATIVE PRETRIAL ORDER |

The parties filed a joint pretrial statement on November 20, 2017. (Doc. No. 84.) On November 27, 2017, the court conducted a final pretrial conference in this action. (Doc. No. 87.) Attorney John Drooyan appeared for plaintiff; attorney Alison V. Lippa appeared for defendant. During the hearing, the court requested that the parties file an addendum to the joint pretrial statement providing an amended joint disputed statement of disputed material facts and amended exhibit lists. The parties filed that addendum on December 7, 2017. (Doc. No. 89.) Having considered the parties' joint pretrial statement, the court now issues this tentative pretrial order.

This case arises out of the way in which defendant, Bank of America N.A. as successor by merger to BAC Home Loans Servicing LP ("BANA") ("defendant"), serviced the mortgage loan of plaintiff Brenda Dowling ("plaintiff"). On October 15, 2008, plaintiff obtained a mortgage

1

loan for real property located at 4040 West Iris Avenue, Visalia, California 93277. When plaintiff later experienced difficulty in making monthly loan payments, she sought loan modification assistance from defendant. In response, plaintiff received correspondence from defendant indicating that she might qualify for a conditional "partial claim"[1] subject to the completion of several documents. Thereafter, plaintiff mailed three trial plan loan payments to defendant, which defendant received and deposited. Later, defendant determined that plaintiff did not qualify for the requested loan modification. Plaintiff brings claims in this action for breach of contract, conversion, and violation of California's Unfair Competition Law.

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1367. The First Amended Complaint alleged jurisdiction based on violations of the Fair Debt Collection Practices Act. 15 U.S.C. §1962(e)(2)(A), (d)(5). The court awarded summary judgment in favor of defendants on those claims, but retains supplemental jurisdiction over all remaining claims which arise under California state law. Jurisdiction is not contested. Venue is proper pursuant to 28 U.S.C. § 139 1(a) and (b). Venue is not contested.

II. JURY TRIAL

Plaintiff has demanded a jury trial. However, defendant contends that the claim arising under California's Unfair Competition Law should be determined by the court. *See, e.g.*, *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 362 Fed. Appx. 731, 733 (9th Cir. 2010)[2] (noting that a §17200 counterclaim is not subject to a jury trial). Defendants are correct in this regard, and the court will therefore try plaintiff's jury claims first and then decide plaintiff's claim for unfair competition brought pursuant to California Business & Profession Code § 17200 based on the evidence presented during the jury trial. *See GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-

---

[1] As explained in more detail below, a "partial claim" is an interest-free loan from the Department of Housing and Urban Development ("HUD") offered on qualified loans insured by the FHA and is one step in the process of a lender considering a borrower for a loan modification. Even after a partial claim is approved, however, if the lender's conditions are not satisfied, the loan modification request may be refused.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

2

CV-01081-PSG, 2016 WL 3035698, at *1 (N.D. Cal. May 26, 2016).

III. UNDISPUTED FACTS

1. On October 15, 2008, plaintiff and her then-husband Brent Dowling obtained a mortgage loan (the "loan") in the amount of $291,157 from Provident Mortgage Corporation ("Provident") for purchase of real property located at 4040 West Iris Avenue, Visalia, California 93277 (the "property"). The loan was insured by the Federal Housing Administration ("FHA"). The loan was reflected in a promissory note that was secured by a deed of trust ("DOT"). The DOT was recorded in Tulare County on October 24, 2008, and the property secured performance of the loan.

2. In or around October 2008, Provident sold the loan to Countrywide Bank, FSB ("Countrywide").

3. Countrywide Home Loans Servicing LP ("CHLS") serviced the loan from its origination in October 2008. Effective April 27, 2009, CHLS changed its name to BAC Home Loans Servicing LP. Effective July 1, 2011, BAC Home Loans Servicing LP merged into an entity called BANA.

4. In May 2009, plaintiff and Mr. Dowling began to experience difficulty in making their monthly loan payment due to a reduction in their income. They sought loan modification assistance from BANA but defaulted on the loan when they missed their September 2009 payment.

5. As part of its consideration of loan modification options, BANA notified plaintiff and Mr. Dowling that they might qualify for a conditional "partial claim" on July 1, 2010. A partial claim is an interest-free loan from the Department of Housing and Urban Development ("HUD") offered on qualified loans insured by the FHA. Under the partial claim, the lender advances funds for the borrower in an amount necessary to reinstate a delinquent loan, not to exceed the equivalent of twelve months of principal and interest payments. The borrower is required to execute a promissory note and subordinate mortgage payable to HUD. A partial claim note does not assess interest and is not due until the borrower either pays off the first mortgage or no longer owns the property. The partial claim is one step in the process of a lender considering

the borrower for a loan modification. Even if the partial claim is approved, the lender still has the right to refuse a loan modification if the lender's conditions are not satisfied. BANA sent plaintiff and Mr. Dowling a partial claim commitment letter and a number of other documents relating to the offer of a conditional partial claim. Plaintiff and Mr. Dowling executed and returned the conditional offer on July 7, 2010, but in doing so did not create a binding contract to modify plaintiff's loan. A partial claim deed of trust, executed by both plaintiff and Mr. Dowling reflecting the sum of $15,064.12, was recorded on August 12, 2010.

6. As a condition of the borrowers' loan modification application, BANA required plaintiff and Mr. Dowling to make three trial plan loan payments ("TPP"), which they paid to BANA by cashier's checks in the following amounts: (1) $2,096.78, dated August 31, 2010 which was credited to plaintiff's loan balance on September 21, 2010; (2) $2,095.76 dated September 30, 2010 which was credited to plaintiff's loan balance on October 20, 2010; and (3) $2,095.76 dated November 1, 2010 which was credited to plaintiff's loan balance on November 16, 2010.

7. In August 2010, BANA determined that plaintiff and Mr. Dowling did not qualify for the partial claim.

8. On August 29, 2012, plaintiff executed and recorded a quit claim deed and an interspousal grant deed to remove Mr. Dowling from title to the property as part of their divorce settlement.

9. On September 10, 2012, the foreclosure trustee, ReconTrust, recorded a notice of default in Tulare County reflecting a past due amount on the mortgage loan of $61,330.36 as of September 7, 2012. No foreclosure sale date was ever set, and no foreclosure sale occurred.

10. The recorded documents reflect that a full reconveyance of the partial claim deed of trust was recorded on March 10, 2013.

11. Later, and unconnected to any partial claim, BANA offered plaintiff a loan modification in 2012, which she rejected. In April 2014, BANA offered plaintiff a loan modification, which she executed and accepted and which was recorded in the Official Records of the County of Tulare on April 25, 2014 ("Loan Modification"). As part of the loan modification,

1 | BANA agreed to forgive $75,000 in principal balance with respect to the mortgage loan.

2 | 12. At the present time, plaintiff is current on the loan and there is no active
3 | foreclosure process against the property.

4 | IV. <u>DISPUTED FACTUAL ISSUES</u>

5 | 1. Whether the Partial Claim Agreement was conditional.

6 | 2. Whether plaintiff's payments of $2,096.78 dated August 31, 2010, $2,095.76 dated
7 | September 30, 2010, and $2,095.76 dated November 1, 2010 were made pursuant to Section A of
8 | the offer of Partial Claim and Agreement.

9 | 3. Whether defendant timely and properly credited to the mortgage loan account
10 | plaintiff's payments of $2,096.78 dated August 31, 2010, $2,095.76 dated September 30, 2010,
11 | and $2,095.76 dated November 1, 2010.

12 | 4. Whether plaintiff complied with the conditions of defendant's offer
13 | of a conditional Partial Claim Agreement.

14 | 5. Whether the Partial Claim offer was withdrawn because plaintiff and her ex-
15 | husband failed to comply with the conditions of the offer.

16 | 6. Whether defendant timely and properly credited plaintiff's trial modification
17 | payments.

18 | 7. Whether defendant timely and properly credited plaintiff's loan payments.

19 | 8. Whether defendant misrepresented and failed to disclose material facts to plaintiff
20 | in the course of servicing plaintiff's mortgage loan from 2009 to the present.

21 | V. <u>DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE</u>

22 | The parties have not yet filed motions *in limine*. The court does not encourage the filing
23 | of motions *in limine* unless they are addressed to issues that can realistically be resolved by the
24 | court prior to trial and without reference to the other evidence which will be introduced by the
25 | parties at trial. The parties anticipate filing the motions listed *in limine* below. Any motions *in*
26 | *limine* counsel elects to file shall be filed no later than 21 days before trial. Opposition shall be
27 | filed no later than 14 days before trial and any replies shall be filed no later than 10 days before
28 | trial. Upon receipt of any opposition briefs, the court will notify the parties if it will hear

argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Motions in Limine

1. A motion *in limine* to exclude testimony and evidence that defendant did not foreclose on plaintiff's property that is the subject of the loan, on the grounds that such information is not relevant to plaintiff's claims and is more prejudicial than probative.

2. A motion *in limine* to exclude testimony related to the history of plaintiff's payments on the loan, other than those payments which are the subject of plaintiff's causes of action for breach of contract and conversion, on the grounds that this information is not relevant to plaintiff's claims and is more prejudicial than probative.

3. A motion *in limine* to exclude testimony related to defendant's $50,000 Principal Forbearance Adjustment from July 2, 2015, on the grounds that this information is not relevant to plaintiff's claims and is more prejudicial than probative.

Defendant's Motions in Limine

1. A motion *in limine* to exclude evidence that a partial claim agreement governed the parties' duties and obligations under the note and deed of trust.

2. A motion *in limine* to exclude any such inadmissible evidence that BANA requested the recording of the partial claim deed of trust or related documents.

3. A motion *in limine* to exclude any evidence plaintiff seeks to introduce concerning other unrelated pending or dismissed suits or judgments from other courts and jurisdictions in which BANA's practices or procedures with mortgage lending, including but not limited to partial claim agreements or loan modification, is at issue. Defendants contend that any such evidence is not relevant or admissible in this action and will only cause the court or the jury to determine the facts and responsibilities of the parties to other lawsuits which are wholly collateral to and unrelated to these proceedings.

4. A motion *in limine* to exclude any evidence plaintiff seeks to introduce concerning her mental state, her medical history, or the medical history of her children, including biological children or children by marriage.

/////

5. A motion in *limine* to exclude any evidence plaintiff seeks to introduce concerning her marriage and divorce from Brent Dowling.

6. A motion *in limine* to exclude any evidence that plaintiff seeks to introduce concerning her conversion claim with respect to any sums she allegedly paid other than the three TPP payments for $2,096.78 (August 31, 2010), $2,095.76 (September 30, 2010) and $2,095.76 (November 1, 2010).

7. A motion *in limine* to exclude any evidence plaintiff seeks to introduce concerning fraud allegations.

8. A motion *in limine* to exclude any evidence that the TPP payments were made pursuant to or in any way in connection with the conditional partial claim offer.

VI. SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action because it involves contracts:

1. The parties dispute whether a binding partial claim agreement came into existence, and therefore dispute whether the following documents ripened into binding agreements: Authorization and Acknowledgment, Negotiation Agreement, Offer of Partial Claim and Agreement, Acceptance of Offer for Partial Claim, and Deed of Trust and Subordinate Note. These documents are the subject of plaintiff's cause of action for breach of contract.

2. Whether the contract and any modifications or collateral agreements were written or oral or both, specifying any document, letter, or other writing relied upon by date and parties, and indicating any oral agreement relied upon by date, place, and parties.

(a) Plaintiff states that the Authorization and Acknowledgment, Negotiation agreement, Offer of Partial Claim and Agreement, Acceptance of Offer for Partial Claim, and Deed of Trust and Subordinate Note documents are written and were relied upon by the parties beginning on or about July 7, 2010. The aforementioned contract and collateral agreements were all written and did not include any oral agreements.

/////

|   |   |     |                                                                              |
|---|---|-----|------------------------------------------------------------------------------|
| 1 |   | (b) | Defendant disputes that a conditional offer for a partial claim agreement    |
| 2 |   |     | ever became operative, and therefore disputes that there are "modifications  |
| 3 |   |     | or collateral agreements" that alter the Deed of Trust.                      |

3. Any misrepresentation of fact, mistake, or other matter affecting validity.

    (a) Plaintiff does not claim any misrepresentation of fact, mistake, or other matter affects the validity of the contract and collateral agreements.

    (b) Defendant disputes that a conditional offer for a Partial Claim Agreement ever became operative, or that it affects the validity of the deed of trust.

4. Any breach of contract.

    (a) Plaintiff alleges that defendant has failed to perform its obligations under the terms of the Partial Claim Agreement without legal basis for its failure to perform.

    (b) Defendant disputes that a conditional offer for a Partial Claim Agreement ever became operative.

5. Any waiver or estoppel.

    (a) Defendant contends that plaintiff is estopped from alleging breach of contract because she breached the promissory note and deed of trust by failing to make her loan payments after August 2009.

6. The measure of restitution or damages and an itemized statement of the elements thereof.

    (a) Plaintiff seeks applied late fees, and interest at 5.5% per annum, charged by defendant from July 7, 2010 to the execution of the Loan Modification, and thereafter at 2% from August 1, 2013 until August 1, 2018, and 3% until August 1, 2019, and thereafter at 3.375% for the term of the loan on $15,064.12 that is the subject of the partial claim and agreement, deed of trust, and subordinate note.

    (b) Defendant disputes that plaintiff is entitled to damages.

/////

VII. RELIEF SOUGHT

    1.    Plaintiff seeks actual damages for breach of contract and conversion*;* punitive damages for defendant's oppressive and fraudulent conduct; and injunctive relief under the California Unfair Competition Law for defendant's improper delay in crediting plaintiff's loan payments.

    2.    Defendant seeks judgment in its favor.

VIII. POINTS OF LAW

Plaintiff's remaining claims are for alleged breach of contract and conversion, and a corresponding unfair business practices claim under California Business & Professions Code § 17200 relating to both causes of action. The claims and defenses arise under state law. Thus, the points of law at issue at trial are:

1. The elements of, standards for, and burden of proof in an action alleging breach of contract.
2. The elements of, standards for, and burden of proof in an action alleging conversion.
3. The elements of, standards for, and burden of proof in an action alleging unfair business practices arising under California Business & Professions § 17200.
4. The elements of, standards for, and burden of proof for determining whether punitive damages are appropriate, if plaintiff prevails on her remaining claims.

Trial briefs addressing the points of law implicated by plaintiff's remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX. ABANDONED ISSUES

None.

X. WITNESSES

The anticipated witnesses for both parties are listed below. Each party may call any witnesses designated by the other.

A. Witness list
  (1) Plaintiff
    (i) Plaintiff Brenda Dowling – contact through plaintiff's counsel;
    (ii) Jennifer Chatman, employee and person most knowledgeable (PMK) of defendant BANA – contact through defendant's counsel;
  (2) Defendant
    (i) Brenda Dowling – contact through plaintiff's counsel;
    (ii) Brent Dowling – whereabouts currently unknown, but likely in the Fresno area;
    (iii) Jennifer Chatman or a BANA representative(s) to testify concerning the partial claim agreement and general loan servicing issues, the requirements of the deed of trust, application of payments toward the loan, plaintiff's default history and the 2012 and 2014 loan modifications and principal forgiveness, and the specific handling of the loan in this matter – contact through defendant's counsel;
B. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**
  (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or
  (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.
C. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:
  (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

|   |     |     |                                                                                 |
|---|-----|-----|---------------------------------------------------------------------------------|
| 1 |     | (2) | The court and opposing parties were promptly notified upon discovery of the witness; |
| 3 |     | (3) | If time permitted, the party proffered the witness for deposition; and          |
| 4 |     | (4) | If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties. |

XI. EXHIBITS, SCHEDULES, AND SUMMARIES

The parties' exhibits are listed below. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically. All exhibits must be pre-marked. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due by February 1, 2018, which is the Thursday before the trial date. In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence if offered and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

11

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered earlier;

(2) The court and the opposing parties were promptly informed of their existence;

(3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

C. Joint Exhibits

(1) Original Provident Mortgage Corporation Note;

(2) Original Provident Mortgage Company Deed of Trust;

(3) Payment history of the subject loan;

(4) Correspondence from Theautra Stephens to plaintiff Brenda Dowling and Brent Dowling with Authorization and Acknowledgement, Negotiation Agreement, Partial Claim Commitment, Offer of Partial Claim and Agreement, Acceptance of Offer for Partial Claim, Deed of Trust, and Subordinate Note (Doc. No. 66-1 at 22–39);

(5) Recorded Deed of Trust to the Department of Housing and Urban Development (HUD) (Doc. No. 25-1 at 37–41);

(6) Plaintiff's cashier's checks to Bank of America (Doc. No. 66-1 at 41–46);

(7) Transcript of plaintiff's deposition[3] of March 4, 2017;

---

[3] While the deposition transcript of a party may be used by an adverse party for any purpose at trial otherwise permitted by the Federal Rules of Evidence, deposition transcripts are not normally admitted into evidence at trial as exhibits. If the parties intend to offer these deposition transcripts into evidence at trial, they are directed to be prepared to support their admission into evidence.

|     |     |     |     |
| --- | --- | --- | --- |
|     |     | (8) | Transcript of Jennifer Chatman's deposition of from March 16, 2017; |
|     |     | (9) | Exhibits to Jennifer Chatman's March 16, 2017 deposition transcript[4]; |
|     | D.  |     | Plaintiff's Exhibits |
|     |     | (1) | Provident Mortgage Corp. correspondence re: transfer of the loan to Countrywide (Doc. No. 66-1 at 3); |
|     |     | (2) | Countrywide Bank Monthly Home Loan Statement (Doc. No. 66-1 at 5-6); |
|     |     | (3) | Bank of America: Monthly Home Loan Statement (Doc. No. 66-1 at 17-18); |
|     |     | (4) | Plaintiff's November 16, 2009 correspondence to defendant (Doc. No. 66-1 at 20); |
|     |     | (5) | Defendant's Notices of Intent to Accelerate (Doc. No. 66-1 at 48–63); |
|     |     | (6) | Defendant's Payoff Statements with payoff calculation (Doc. No. 66-3 at 49–59); |
|     |     | (7) | Defendant's April 15, 2013 correspondence to plaintiff and her ex-husband Brent Dowling (Doc. No. 66-3 at 67); |
|     |     | (8) | Defendant's home loan summary for September 29, 2010 and October 28, 2010 (Doc. No. 25-1 at 105, 108); |
|     |     | (9) | Letter from the Department of the Treasury Federal Revenue Service to plaintiff and Brent Dowling re: "Overpaid Tax Applied to Other Taxes You Owe" (Doc. No. 66-3 at 114); |
|     |     | (10) | Declarations in Support of Motion for Class Certification for In Re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation, Case No. 1:10-md-2193 RWZ (Doc. No. 66-3 at 123–167); |

/////

/////

---

[4] In their objections to this tentative pretrial order the parties are directed to identify each of these as separate joint exhibits beginning with the number nine rather than as a collective exhibit as they have done here.

|   |   | (11) | Opinion of Bankruptcy Judge Christopher M. Klein United States Bankruptcy Court, Eastern District of California, Case NO. 10-35624-B-13J; |
|---|---|---|---|

        (11)    Opinion of Bankruptcy Judge Christopher M. Klein United States Bankruptcy Court, Eastern District of California, Case NO. 10-35624-B-13J;

        (12)    Abstract of Judgment from Civil and Small Claims court, recorded in the County of Tulare, dated January 18, 2008 (Doc. No. 66-3 at 115–116);

        (13)    Defendant's trial modification letters to plaintiff;

        (14)    Defendant's loan modification;

        (15)    Defendant's income documents from December 31, 2015 through December 31, 2016;

        (16)    Form 10-K for Bank of America;

    E.    Defendant's Exhibits

        (1)    Notice of Default;

        (2)    Negotiation Agreement;

        (3)    BANA's loan file, including the servicing history for the Loan;

        (4)    The 2012 and 2014 Modification offers and agreements, and correspondence relating to the same.

## XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff may use the following discovery documents at trial:

1. Deposition testimony of Jennifer Chapman and Brenda Dowling; and
2. Defendant's responses to the first set of requests for admissions

Defendant may use the following discovery documents at trial:

1. Plaintiff's deposition transcript, March 4, 2017;

Exhibits to Plaintiff's deposition:

- Exhibit 1 – Defendant Bank of America, N.A.'s Notice of Deposition of plaintiff Brenda Dowling and Request For Production of Documents;
- Exhibit 2 – Deed Of Trust;

- Exhibit 3 – Note;
- Exhibit 4 – Letter to Bank of America, N.A. from plaintiff dated November 11, 2009;
- Exhibit 5 – Loan Modification Submission dated April 11, 2011;
- Exhibit 6 – Loan Modification Submission dated November 23, 2011;
- Exhibit 7 – Loan Modification Submission dated September 19, 2012;
- Exhibit 8 – Fax to BANA showing balance of loan and interest, dated July 16, 2014;
- Exhibit 12 – Loan Modification Agreement April 25, 2014;

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

Both parties anticipate filing motions *in limine*, as discussed above.

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

Plaintiff anticipates seeking amendments for conversion and fraud pursuant to Federal Rule of Civil Procedure 15(b)(1)(2) based on testimony presented at trial. Defendant argues that any such request for amendment at trial is improper based on this court's prior rejection of plaintiff's effort to amend the complaint by adding additional claims for conversion and fraud. (*See* Doc. No. 71).

XVI. <u>SETTLEMENT</u>

The parties conducted a private mediation on March 30, 2017 before retired Santa Clara County Superior Court Judge Kevin Murphy that did not result in a settlement. A court supervised settlement conference was also conducted on May 23, 2017 with United States Magistrate Judge Barbara McAuliffe, which did not result in a settlement. The parties do not anticipate that further settlement conferences would be helpful.

XVII. <u>JOINT STATEMENT OF THE CASE</u>

The parties have not agreed to a joint statement of the case because there are many disputed issues of fact. Nonetheless, the parties are directed to meet and confer in order to agree

upon a neutral statement of the case that may be read to the prospective jurors during jury selection.

XVIII. SEPARATE TRIAL OF ISSUES

Plaintiff seeks a separate trial to determine punitive damages, if she prevails.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX. ATTORNEYS' FEES

Not applicable.

XXI. TRIAL EXHIBITS

Special handling of trial exhibits is not anticipated. Plaintiff requests that the court retain exhibits pending appeal decision. However, the court has indicated that its practice is to return trial exhibits to the parties for retention and that it intends to follow that practice in this case.

XXII. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Not applicable.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for February 6, 2018 at 1:00 p.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last two days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel for both parties are to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **December 20, 2017**

_____
UNITED STATES DISTRICT JUDGE